**IRVINE et ux. v. SAFEWAY TRAILS, Inc. (FISCHER'S EXPRESS, Third-Party Defendant).**

Civ. A. No. 10686.

United States District Court. E. D. Pennsylvania.

Nov. 15, 1950.

■

John J. McDevitt, 3rd, Philadelphia, Pa., for the defendant.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for Third-party defendant.

Morris Kolander, Philadelphia, Pa., for the plaintiffs.

CLARY, District Judge.

Defendant herein has objected to the parts of Interrogatories Nos. 2, 3, 4, 5 and 8 which demand that the defendant furnish copies of documents, the basis of the objection being that such documents could be requested only for good cause under Fed.Rules Civ.Proc. Rule 34, 28 U.S.C.A. At the preliminary hearing the Court indicated that to save further time, the request would be considered as having been made under Rule 34, and plaintiffs filed an amended affidavit in support of the interrogatories and the contravening affidavit was filed by defendant. The matter was argued before me on October 30th, 1950, and at the argument counsel for plaintiffs stated that any argument as to Interrogatory No. 4 might be eliminated since the plaintiffs had obtained the information requested in that interrogatory in reference to medical examination.

As to Interrogatory No. 2 which requests that the plaintiffs be furnished with copies of statements taken from the plaintiffs by the defendant, the affidavit states that at the time the statement was taken from David Irvine, he was under the influence of morphine administered by hospital physicians. Defendant frankly states that he is not in a position to affirm or deny that allegation. The plaintiffs have set forth good cause for the production of the statement of David Irvine and it will therefore be ordered produced. Cf. Raudenbush v. Reading Company, D.C., 9 F.R.D. 670. No such good cause has been shown for the production of any statement taken from Mary Irvine and the request for production of such statement will be denied.

As to Interrogatory No. 3, plaintiffs have requested the production of reports to the Interstate Commerce Commission which under the provisions of the

Act of August 2, 1949, Chapter 379, Sections 11–13, 63 Stat. 487, 49 U.S.C.A. § 320(f), are privileged. The objection to this interrogatory, therefore, will be sustained.

■ As to Interrogatory No. 5, plaintiffs have requested information as to the names of passengers who had knowledge of the accident. While defendant has in answer to No. 6 given a list of passengers and their addresses, it has not indicated which of them had knowledge of the happening of the accident. It would appear that in the interest of full discovery defendant should reveal to the plaintiffs the names of those from whom the defendant has statements, either oral or written, that they witnessed all or any part of the accident, and a brief statement of the factual matters known to such witnesses. The plaintiffs are entitled to know which passengers have knowledge of the facts of the accident in order to determine whether their presence is required at trial.

■ As to Interrogatories Nos. 6 and 7, as I read the interrogatories and answers, defendant has furnished to the plaintiffs full and complete information as requested in the interrogatories. The accident happened in New Jersey and the witnesses are in the immediate vicinity of the accident and they, in the event plaintiffs desire either to investigate the accident or take the depositions of the witnesses, are as accessible to the plaintiffs as to the defendant.

■ As to Interrogatory No. 8, it appeared at the hearing that a full and complete oral deposition of the driver had been taken at the instance of an additional defendant, that counsel for the plaintiffs, the defendant, and the additional defendant, had all been present and there is nothing in the affidavit in support of the motion for production which sets forth any reason why a preliminary statement should be produced at this time. Consequently, the objection to this interrogatory will be sustained.