JOSEPH L. LEE, Inc., Plaintiff,

v.

MARGON CORPORATION,
Defendant.

United States District Court
S. D. New York.
Jan. 5, 1956.

Augenblick, Emmet, Frost, Evarts & Hecker, New York City, for plaintiff, by Bruce A. Hecker, New York City.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant, by Jay H. Topkis, New York City.

SUGARMAN, District Judge.

F.R.Civ.P. 26(b), 28 U.S.C.A. permits a litigant to ascertain upon a deposition "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things".

F.R.Civ.P. 45(d) (1) permits the party noticing a deposition to obtain from the clerk (without order of court since its amendment effective March 19, 1948) a subpoena "to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)".

F.R.Civ.P. 45(b) permits a motion to quash or modify a subpoena "if it is unreasonable and oppressive".

There is a growing tendency to combine Rules 26(b) and 45(d) as a substitute for the discovery and production of documents and things for inspection, copying or photographing "upon motion of any party showing good cause therefor", allowed by F.R.Civ.P. 34. No such purpose was ever intended by the elimination of the original necessity for a court order (pursuant to Rule 45(d) (1) before the amendment above mentioned) permitting the use of a subpoena duces tecum.

■ The distinction is important because in the case of a subpoena *the one upon whom it is served* may seek relief for *unreasonableness or oppressiveness* whereas in the case of a discovery and inspection *the one seeking it* must establish *good cause* therefor.

Even in the case of a subpoena duces tecum, where the one upon whom it is served does not attack it for unreasonableness or oppressiveness but complies and produces the identified document at a deposition, that still does not give the examiner the right to inspect or copy it without an independent order under Rule 34 upon a showing of good cause.

As a practical matter, in most instances, the one producing the document at a deposition pursuant to a subpoena duces tecum, permits its inspection.

■ However where, as here, a timely motion is made to quash the subpoena, the sole touchstone is its unreasonableness and oppressiveness. Plaintiff's assertions in its answering papers tending to establish good cause for the production of the documents and its right to inspect them are inapposite on this motion to quash its subpoena.

■ In this action a manufacturer of dolls' eyes sues his only competitor for treble damages alleging violation of the Sherman, Clayton and Robinson-Patman Acts, 15 U.S.C.A. §§ 1–7, 15 note, 12 et seq.

Upon plaintiff's notice to take defendant's deposition, a subpoena duces tecum was served by plaintiff upon defendant calling for the production by defendant at the deposition of virtually every paper and record in defendant's files for a period of over four years, two of which actually antedate plaintiff corporation's formation.

In the light of the limitation upon a deposition to the "existence, description, nature, custody [and] condition" of documents, imposed by Rule 26(b) and the defendant's vigorous assertion that it will put plaintiff to its proof of good cause before it will accede to an invasion of its privacy by its only competitor, the subpoena is clearly unreasonable and oppressive.

If, in the course of the deposition, it becomes necessary for a deponent to refer to defendant's records in order to properly answer questions, those matters may be reserved for later interrogation after such reference to the defendant's records has been made by deponent.

After the deposition is concluded and the "existence, description, nature, custody, condition and location of any [of defendant's] books [and] documents" has been established, plaintiff may, upon a showing of "good cause therefor" seek their inspection, etc. Thus there will then be squarely presented to the court the extent to which, under all the circumstances presented, it will permit plaintiff to invade defendant's trade secrets and inspect and copy specific documents established upon the deposition to exist.

Defendant's motion to quash plaintiff's subpoena duces tecum is granted and it is so ordered.