Pierre **BOURGEOIS**, Plaintiff,

v.

**EL PASO NATURAL GAS COMPANY**
and **Republic Steel Corporation**,
Defendants.

United States District Court
S. D. New York.
May 17, 1957.

Rassner & Rassner, New York City, for plaintiff. Jacob Rassner, New York City, of counsel.

Lundgren, Lincoln & McDaniel, New York City, for defendant El Paso Natural Gas Co. Franklin B. Lincoln, Jr., New York City, of counsel.

Richard Brill, New York City, for defendant Republic Steel Corp.

SUGARMAN, District Judge.

On March 21, 1957 Judge Noonan directed the plaintiff to appear at a designated hour and place on March 27, 1957 for the taking of his deposition by each of the defendants "from day to day thereafter at mutually agreeable time until completed, in default of which judgment shall be entered for the defendants dismissing the complaint herein as to both defendants with prejudice."

The plaintiff, pursuant thereto, did appear and was examined by the defendants' counsel on March 27 and March 28. Because the examination was not concluded, and to serve the plaintiff's convenience, the examination was by mesne adjournments deferred until April 18. On April 18 the plaintiff did not appear for the continuation of his examination and his counsel advised defendants' counsel by telephone that plaintiff would not appear because in his attorney's opinion "such depositions were unnecessary and a waste of time." Accordingly, the defendants now move for an order dismissing the complaint. All that is submitted in opposition is the affidavit of plaintiff's attorney, challenging the relevancy of the subject matter of the depositions and averring that Judge Noonan's order is being used "for the sole purpose of harassing the said plaintiff in the conduct of this litigation."

F.R.Civ.P. 30(d), 28 U.S.C.A. provides the vehicle for terminating or limiting an examination being conducted in bad faith or in such manner as to unreasonably annoy, harass or oppress the deponent or party. Instead of resorting to that orderly procedure the plaintiff has undertaken to ignore the order of the court. He has done so at his own peril. In the absence of any compelling rea-

son [1] for less than a dismissal with prejudice the defendants' motion is granted.

It is unnecessary to consider the defendants' further prayer for relief predicated upon the plaintiff's failure to comply with a subpoena duces tecum.[2]

It is so ordered.

1. Cf. Producers Releasing Corp. de Cuba v. P. R. C. Pictures, 2 Cir., 1949, 176 F.2d 93.

2. Cf. Joseph L. Lee, Inc., v. Margon Corp., D.C.S.D.N.Y.1956, 18 F.R.D. 390.