**YONKERS RACEWAY, Inc., Plaintiff,**

v.

**STANDARDBRED OWNERS ASSOCIA-TION, Inc., Francis P. Smith, Arthur J. Brown, Russ C. Carpenter, William R. Haughton, John F. Simpson, Stanley F. Dancer, Joe O'Brien, Delvin Miller, Hugh A. Bell, Edward Cobb, William M. Myer, James W. Jordan, Franklin Safford, Wendell Wathen, Percy Gray, Morris Pivnick, Sanders Russell, Morris MacDonald, Edward Dougherty, Al Karet, Henry Critchfield, Defendants.**

United States District Court
S. D. New York.
Aug. 14, 1957.

**4**

Chapman, Walsh & O'Connell, New York City, for plaintiff. Charles M. Metzner, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants. Breck P. McAllister, New York City, of counsel.

SUGARMAN, District Judge.

Plaintiff, operator of a harness racing track, brought this suit against an association of and certain individual owners and racers of harness racing horses. The complaint charges defendants with violation of the anti-trust laws in that they conspired to boycott plaintiff's track :

and to induce others to do likewise in order to compel plaintiff to increase the race purses.

Defendants served plaintiff with a notice to take plaintiff's deposition and with a subpoena *duces tecum* to produce voluminous books, records and documents of the plaintiff at the deposition.

Plaintiff now moves for an order:

"(1) quashing the subpoena *duces tecum* * * * upon the ground that it is unreasonable and oppressive;

"(2) vacating the * * * notice for the taking of plaintiff's deposition upon the ground that it does not comply and is not in conformity with Rule 28 of the Federal Rules of Civil Practice [sic] and upon the further ground that it is premature;

"(3) or in the alternative, why a protective order should not be issued pursuant to subdivision (b) of Rule 30 of the Federal Rules of Civil Practice, limiting the scope of the examination as to the question of whether the defendants engaged in an illegal boycott and an illegal price-fixing combination in violation of the Anti-Trust Laws; and

"(4) why plaintiff should not have such other further and different relief as in the premises may be just, equitable and proper."

Among other things the supporting affidavit states:

"Plaintiff's position on this application simply is that defendants' purpose is to be vexatious and oppressive. That is the only reason why defendants have precipitantly sought to take plaintiff's depositions on matters that can have no possible relevancy to the issues presented by this litigation, as is evidenced by the unreasonable and oppressive sub-

poena *duces tecum* served and the threats voiced by the defendants' representatives in connection therewith. It appears from the notice and subpoena itself that several truck loads of records will be required to be produced by the plaintiff at the office of defendants' counsel before some unnamed notary public. It conclusively appears from the minutes before Judge Dawson that there is no issue of fact here present and, furthermore, that the records sought to be produced and the pre-trial examination sought to be conducted as reflected by the subpoenaed records can have no possible relevancy to the matters in litigation." (Tananbaum affidavit 6/27/57, pp. 2–3.)

■ The movant first claims that the subpoena *duces tecum* is oppressive in that it requires the movement of a large volume of records to this city. This will be remedied by providing in the order to be settled hereon that the oral examination of plaintiff be had either at plaintiff's place of business or, at defendants' option, at the office of the clerk of this court, provided, however, that if defendants elect to take plaintiff's deposition at the clerk's office, the defendants shall prepay the packing and trucking expenses necessarily involved in transporting the items to and from the examination. This also cures the claimed defect in the notice in that it calls for the deposition to be taken at the office of defendants' counsel.

■ The movant next claims that the notice to take plaintiff's deposition is defective. This contention is without merit as to either its failure to name the officer before whom the deposition will be taken [1] or its timeliness.[2]

The alternative relief seeks a limitation of the scope of the deposition based

1. Zweifler v. Sleco Laces, D.C.S.D.N.Y. 1950, 11 F.R.D. 202.

2. 4 Moore's Fed.Prac. (2d ed.), para. 26.09, p. 1040.

(a) on allegations of defendants' bad faith and (b) on a contention that there

"is no issue of fact which this case presents in the light of the admitted activities of the defendants and in the light of the admissions made by their counsel before the Court, * * *" (Tananbaum affidavit 6/27/57, pp. 5–6).

█ There is nothing in the papers on file in this action to justify a finding at this time that the defendants are acting in bad faith in seeking discovery from the plaintiff under their above-mentioned notice and subpoena *duces tecum*. Plaintiff has adequate means of protecting itself from abuse during the taking of the deposition should it then develop that defendants are not acting in good faith.[3]

In opposition to this motion, defendants in part justify the examination of plaintiff and the production of its books, records and documents, on the question of whether harness racing is interstate commerce. Plaintiff relies strongly on Judge Dawson's decision of July 8, 1957 on plaintiff's motion for a preliminary injunction wherein he found that "[t]he moving papers establish without substantial dispute: * * * 5. [t]he activities of harness racing are activities in interstate commerce * * *" and wherein he concluded that "2. [p]laintiff has established * * * that such action would be an attempt at an illegal boycott which would be in violation of the anti-trust laws * * *." 153 F. Supp. 552, 553, 557.

█ The defendants' answer was not served and filed until after the hearing before Judge Dawson on the plaintiff's motion for a preliminary injunction, although before his decision. His discretionary decision was clearly predicated only upon the moving papers, arguments and briefs of counsel submitted upon that motion. The answer squarely raises the issue of the nature of plaintiff's business, i. e., interstate or not, and the nature of defendants' acts, i. e., illegal boycott or not. Inquiry into those issues cannot be foreclosed by the decision on the motion for the preliminary injunction. The rule is stated to be:

"This court will not consider any of the questions decided on the hearing for a preliminary injunction as res judicata. They are open for review, but they should be adhered to, unless it clearly appears that an error was committed, or that additional facts were brought out at the trial which demand a modification or reversal of the views expressed at the preliminary hearing."[4]

█ The defendants are entitled to examine the plaintiff in the quest of additional facts as to whether plaintiff is engaged in interstate commerce and whether defendants' acts constituted an illegal boycott.

The plaintiff's motion is denied[5] except to the extent that the notice and subpoena *duces tecum* are modified as hereinabove indicated.

Settle an appropriate order on notice.

3. F.R.Civ.P. 30(d), 28 U.S.C.A.

4. Rodgers v. Pitt, C.C.Nev.1904, 129 F. 932, 937; approved in O'Connell v. Gentry County Bank, 8 Cir., 1932, 55 F.2d 806, 809; cf. Harvey Aluminum v. American Cyanamid Co., D.C.S.D.N.Y.1953, 15 F.R.D. 14, 20; 43 C.J.S. Injunctions § 200(b).

5. This denial is not to be construed as any indication that defendants may see or copy any of the plaintiff's books, records and documents produced at the deposition. Cf. Joseph L. Lee, Inc., v. Margon Corporation, D.C.S.D.N.Y.1956, 18 F.R.D. 390.