William A. BUSCHER, doing business as Rapid Shoe Machine Mfg. Co., Plaintiff,

v.

UNITED SHOE MACHINERY CORPORATION, Defendant.

United States District Court
S. D. New York.
Dec. 15, 1958.

Rubin & Rubin, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant.

FREDERICK van PELT BRYAN, *District Judge.*

This is a private anti-trust suit seeking treble damages by reason of defendant's alleged monopolization of the shoe machinery business brought on the basis of the findings in United States v. United Shoe Machinery Corp., D.C.Mass., 110 F. Supp. 295, affirmed 347 U.S. 521, 74 S.Ct. 699, 98 L.Ed. 910. Plaintiff claims that it was prevented from obtaining a fair competitive share of the interstate market in shoe machines and shoe machinery parts by various illegal and discriminatory practices of the defendant which caused plaintiff substantial loss of profits through its exclusion from its proper share of this market and restraints upon its distribution of a number of types of shoe machines.

Plaintiff moves, under Rule 34, F.R. Civ.P., 28 U.S.C.A., to have defendant produce certain documents and to inspect and copy them. The documents are defendant's "classified profit and loss statements" for the fiscal years ending in February of each year from 1947 through 1955. Each of these consists of a summary for each year, together with fifteen to twenty pages of anaylsis and estimated allocation of the various items of expense and income into categories prepared for the use of defendant's management.

These documents have already been produced at the depositions of two of defendant's officers which were being taken by the plaintiff. They were marked as plaintiff's exhibits for identification but defendant refused to permit plaintiff to inspect or copy them.

However, defendant has since supplied plaintiff with copies of the column of the summary statements for each year which contains the totals for the defendant's machinery division. It has refused to furnish any other parts of the summa-

ries or any of the supporting data on the ground that they are irrelevant and immaterial to the issues here and plaintiff has shown no good cause for their production.

Plaintiff, on the other hand, claims the right to inspect and copy all of each summary sheet as well as all of the sheets containing supplementary analysis and supporting data. It claims that all this material bears on the question of its alleged damage, the amount of which is not alleged in the complaint and has not thus far been stated by the plaintiff.

Plaintiff contends that since the documents were produced by defendant on the depositions and marked as its exhibits for identification it should be permitted to inspect them for that reason alone. It also contends that it is entitled to their production for good cause shown under Rule 34.

█ Without going into the wrangling which marked the course of the deposition, it is plain that there is no merit to the plaintiff's first contention. Because a document has been produced at a deposition, whether under subpoena or otherwise, does not give the opposing party the right to inspect and copy it. See Lee, Inc. v. Margon Corp., D.C.S.D. N.Y., 18 F.R.D. 390; Yonkers Raceway, Inc. v. StandardBred Owners Ass'n D.C. S.D.N.Y., 21 F.R.D. 3. The fact that such documents may have been marked for identification in no way enlarges the right of the opposing party to inspect them.

██ As to plaintiff's second contention: A party seeking the right to inspect documents under Rule 34 must show good cause therefor. The only reason which plaintiff advances for seeking to inspect these documents is that they might aid in proving the extent of damage to the plaintiff by showing the prof-

its obtained by the defendant from shoe machinery since this would give an approximation of the profits of the total shoe machinery market in which it was entitled to share. On this basis it is claimed that all data bearing on both income and expenses of defendant attributable to its shoe machinery business are necessary.

Assuming that this contention has some merit, it certainly does not justify requiring defendant to show to its competitor (and presumably to other competitors represented by the same counsel) the analyses and supporting data concerning its entire business operations which have been prepared for the use of management. The plaintiff's ground for seeking such production is a feeble reed indeed upon which to base such a broad request.

I have examined one of the typical classified profit and loss statements which was submitted to the court by counsel for the defendant at the argument. The most that plaintiff could be entitled to on its theory is the portion of the summary sheet which includes the seven columns entitled "Total", "Lease", "Machine Part Sales", "Sale Machines", "Machine Services", "Industrial Sales", "Machinery Division Total". How the rest of the summary sheet or the supporting data is in any way relevant to the issue of plaintiff's damages is quite beyond me. No good cause has been shown for the production of such material.

The motion is granted to the extent of directing defendant to furnish plaintiff with copies of such portion of each summary sheet of the classified profit and loss statements for each year requested as covers the first seven columns of figures. In all other respects the motion is denied.

Settle order on notice.