**156**

AUSTIN THEATRE, INC., Plaintiff,

v.

WARNER BROS. PICTURES, INC. (In Dissolution), et al., Defendants.

United States District Court
S. D. New York.

Dec. 19, 1958.

Arnold Malkan, New York City, for plaintiff.

Louis Phillips, New York City, for defendants Paramount Pictures, Inc., in dissolution, Paramount Pictures Corp., Paramount Film Distr.

Schwartz & Frolich, New York City, for defendant Columbia Pictures Corp.

Benjamin Melniker, New York City, for defendant Loew's, Inc.

Royall, Koegel, Harris & Caskey, New York City, for defendants T. C. F. Film Corp. (N.Y.), Twentieth-Century-Fox Film Corp. (Del.).

William B. Jaffe, New York City, for defendant, Allied Artists Pictures Corp. and Allied Artists Distributing Corp.

J. Miller Walker, New York City, for defendants R. K. O. Teleradio Pictures, Inc., RKO Pictures Corp.

Theodore Black, New York City, for defendant Republic Pictures Corp.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc. (Del.) and Warner Bros. Pictures Distr. Corp. E. Compton Timberlake, Marvin H. Ginsky, Bernard E. Kalman, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants List Industries Corp. and RKO Theatres, Inc.

Archie Weltman, New York City, for defendant Loew's Theatre Realty Corp.

FREDERICK van PELT BRYAN, District Judge.

This is a private anti-trust suit seeking treble damages in the sum of $1,080,000 claimed to have been suffered by reason of an alleged conspiracy in violation of the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq.

Plaintiff operates the Austin Theatre in the Kew Gardens section of Queens which seats about 600 persons. It claims in substance that as a result of the alleged conspiracy its theatre was subjected to late runs, extended clearances, unfair treatment in film charges, and adjustments and allowances to other theatres, all of which discriminated against it. The fifty-eight defendants comprise the principal motion picture producers and distributors throughout the nation and theatre chain exhibitors, operators and owners in the New York area.

There are six motions before me. Four, made by various groups of defendants pursuant to Rule 33, Fed.Rules Civ. Proc., 28 U.S.C.A., seek to sustain objections to interrogatories propounded by plaintiff. The other two, pursuant to Rule 45(b), F.R.C.P., are to quash subpoenas duces tecum issued by plaintiff for the production of documents at depositions which the plaintiff is taking.

*1. Objections to interrogatories.*

I will first deal with two objections which apply to a substantial number of the interrogatories propounded and then rule on specific interrogatories.

1. The interrogatories generally seek information going back to 1935, some 23 years ago. 1935 is the year before plaintiff's theatre was built. Defendants urge that since the statute of limitations on plaintiff's claim for damages may be three years, and at the most is six years (cf. Banana Distributors v. United Fruit Company, D.C.S.D.N.Y., 158 F.Supp. 160, and Leonia Amusement Co. v. Loew's Inc., D.C.S.D.N.Y., 117 F.Supp. 747), the interrogatories should be limited to six years, or, at most, eight.

■■ I do not see any reason for permitting plaintiff to go back to 1935. It is true that in attempting to establish a conspiracy starting before but continuing after the commencement of the period of limitation plaintiff is not confined to proof of acts occurring after such period commenced. Nevertheless, it would be unreasonable to give plaintiff a virtually unlimited license to rove at will through the past.

In my view the time for such inquiries should be limited to a period of ten years prior to the service of the amended complaint on April 6, 1956, and all interrogatories will be limited to that period unless further limited otherwise. This period will hereafter be referred to as "the ten year period".

■ 2. The prime complaint of the plaintiff is as to alleged discrimination against the Austin Theatre in Kew Gardens and in favor of the Forest Hills Theatre in Forest Hills. The adverse effect of the conspiracy upon the Austin Theatre is limited to the Forest Hills-Kew Gardens area. The Midway Theatre is also in this area. But many factors which bear on whether a clearance is unreasonable may be affected by what is done vis-à-vis other theatres in the area. Thus, what was done with respect to the Richmond Hill Theatre, which is as close as the Forest Hills to the Austin, or closer, may bear on such questions as

may also what was done with respect to the Midway Theatre. The information requested with respect to the large number of other individual theatres named in the interrogatories, if it is relevant at all, seems to me to be so collateral as to be quite beyond the bounds of reasonable inquiry.

Thus, the inquiries with respect to specific theatres, in addition to the Austin, will be limited to the Forest Hill, Midway and R.K.O. Richmond Hill theatres. These will be referred to hereafter as the "relevant theatres".

In addition appropriate inquiries dealing with practices general throughout Queens County or the New York metropolitan area, which affect the relevant theatres are allowable. Plaintiff will not be permitted to go beyond this at this time.

The following are the rulings on the specific interrogatories which will apply to such objections as have been made by the four groups of moving defendants:

I and II—Limited to relevant theatres and ten year period. Objections otherwise overruled.

III—Same limitations as in I and II. Objections sustained as to III(d). Objections otherwise overruled.

IV—Limited to Queens County and to the ten year period. Objections otherwise overruled.

V—Limited to relevant theatres and ten year period. Objections otherwise overruled.

VI and VII—Limited to the ten year period and to such zones or divisions only as included the relevant theatres. Objections otherwise overruled.

VIII—Limited to ten year period. Objections otherwise overruled.

IX—Objections overruled.

X, XI, XII—Objections sustained.

XIII—Limited to ten year period and relevant theatres. Objections otherwise overruled.

XIV—Allowed only to the extent that the so-called "split" included any of the relevant theatres. Also limited to the ten year period. Objections otherwise overruled.

XV (a)—Objections sustained.

(b)—Allowed only to the extent indicated in XIV. Objections otherwise overruled.

XVI—Limited to relevant theatres and ten year period. Objections otherwise overruled.

XVII—Objections overruled as to 2. Objections sustained to all other portions of this interrogatory.

XVIII—Objections sustained.

XIX–XX—Limited to ten year period. Objections otherwise overruled.

XXI, XXII and XXIII—Objections sustained.

XXIV—Limited to ten year period. Objections to 2 sustained. Objections otherwise overruled.

*2. Motions to quash subpoenas.*

■ The subpoenas under attack call for the production upon deposition of a great mass of documents unidentified except by division into broad classifications. They are not limited either geographically or as to time, as they should be. Plainly, the amount of work involved in complying with them would be enormous and they are couched in such general terms that it would be almost impossible for anyone to determine precisely what was wanted.

Plaintiff has not even attempted to show any good cause for the production of these documents as it is required to do. See Connecticut Mutual Life Ins. Co. v. Shields, D.C.S.D.N.Y., 17 F.R.D. 273. Moreover, they are plainly unreasonably burdensome and oppressive. See Joseph L. Lee Inc. v. Margon Corp., D.C.S.D. N.Y., 18 F.R.D. 390; Yonkers Raceway v. Standard Bred Owners' Ass'n, D.C. S.D.N.Y., 21 F.R.D. 3; Bourgeois v. El Paso Natural Gas Co., D.C.S.D.N.Y., 20 F.R.D. 358.

If and when plaintiff gets to the point of being able to identify such documents as he requires with reasonable particularity, and shows good cause for their production, he may then make appropriate application under Rule 34, F.R.C.P. There is no justification for requiring subpoenas in this form to be honored. The motions to quash the subpoenas are in all respects granted.

Settle separate orders on notice on each motion to sustain objections to interrogatories and each of the motions to quash subpoenas.