Rita LaCHANCE, executrix of the Estate of Lionel R. LaChance, deceased,

v.

SERVICE TRUCKING CO., Inc., a body corporate,

and

Norman E. Wisseman, Defendants and Third-Party Plaintiffs,

v.

Marcel R. LaCHANCE, Third-Party Defendant.

Rita LaCHANCE

v.

SERVICE TRUCKING CO., Inc., a body corporate

and

Norman E. Wisseman, Defendants and Third-Party Plaintiffs,

v.

Marcel R. LaCHANCE, Third-Party Defendant.

Muriel M. WEBBER

v.

SERVICE TRUCKING CO., Inc., a body corporate,

and

Norman E. Wisseman, Defendants and Third-Party Plaintiffs,

v.

Marcel R. LaCHANCE, Third-Party Defendant.

Elizabeth LaCHANCE

v.

SERVICE TRUCKING CO., Inc., a
body corporate,

and

Norman E. Wisseman, Defendants and
Third-Party Plaintiffs,

v.

Marcel R. LaCHANCE

and

Merle W. Webber, Jr., Third-Party
Defendants.

Merle W. WEBBER, Jr.

v.

SERVICE TRUCKING CO., Inc., a
body corporate,

and

Norman E. Wisseman, Defendants.

Marcel R. LaCHANCE

v.

SERVICE TRUCKING CO., Inc., a
body corporate,

and

Norman E. Wisseman.

Civ. Nos. 13101–13106.

United States District Court
D. Maryland.
March 19, 1963.

See also 208 F.Supp. 656, 215 F.
Supp. 162.

Sigmund Levin and Paul Berman, Baltimore, Md., John G. Marshall and Laurier T. Raymond, Jr., Lewiston, Me., for plaintiffs Rita and Elizabeth La-Chance and Merle W. Webber, Jr.

Samuel S. Smalkin, Robert J. Thieblot and Rollins, Smalkin, Weston & Andrew, Baltimore, Md., for Service Trucking Co., Inc.

THOMSEN, Chief Judge.

Plaintiffs have moved (1) under Rule 45(f), F.R.Civ.P., for an order adjudging defendant Service Trucking Company, Inc., and Myron Causey, the custodian of its records, in contempt for their alleged failure to obey a deposition subpoena duces tecum, and (2) under Rule 37(a) for an order compelling Service and Causey to answer questions propounded to the latter during the deposition.

(1) Plaintiffs served notice to take the deposition upon oral examination of Service's custodian of records, and several days thereafter applied for the issuance of a deposition subpoena duces tecum under Rule 45(b), directed to such custodian, commanding him to produce, inter alia: "Original copy of report of accident prepared by Service Trucking Co., Inc., to the Interstate Commerce Commission, or a true copy thereof, reporting the collision of motor vehicles in these cases on February 25, 1960, all as required by 49 Code of Fed.Regs., Transportation, Secs. 194.2 and 194.6." The subpoena was issued and served; Causey produced the records at the time his deposition was taken, but on advice of counsel for Service, refused to permit counsel for plaintiffs to inspect and copy the report of accident made to the I.C.C., claiming that the report is privileged and not discoverable under the express provisions of 49 U.S.C.A. § 320(f), which reads:

"No report by any motor carrier of any accident arising in the course of the operations of such carrier, made pursuant to any requirement of the Commission, and no report by the Commission of any investigation of any such accident, shall be admitted as evidence, or used for any other purpose, in any suit or action for damages growing out of any matter mentioned in such report or investigation."

■ This Court follows the weight of authority in holding that Rule 26 (the deposition rule) and Rule 45 (the subpoena rule) cannot be combined to circumvent the provisions of Rule 34, which requires that good cause be shown for the inspection and copying of documents. 4 Moore, Federal Practice, 2d ed., para. 26.10, pp. 1053, 1054; Joseph L. Lee, Inc. v. Margon Corp., S.D.N.Y., 18 F.R.D. 390, 391; Buscher v United Shoe Machinery Corp., E.D.N.Y., 23 F.R.D., 183 185.

■■ It is the practice in this district for attorneys who are taking the deposition of an opposing party or of the officers or employees thereof to notify opposing counsel of the papers they would like the witness to produce. Sometimes the notice is made more formal by obtaining a subpoena duces tecum. Where there is no dispute about the right to examine and copy the papers, this practice saves both sides the time and effort required to file, answer and

argue a motion under Rule 34. Where there is a dispute about the right to inspect and copy one or more of the papers, counsel for the party or witness required by the subpoena to produce the paper may seek a protective order under Rule 30(b), or may move to quash or modify the subpoena under Rule 45(b), but he is not required to do either. "Even in the case of a subpoena duces tecum, where the one upon whom it is served does not attack it for unreasonableness or oppressiveness but complies and produces the identified document at a deposition, that still does not give the examiner the right to inspect or copy it without an independent order under Rule 34 upon a showing of good cause." Joseph L. Lee, Inc. v. Margon Corp., 18 F.R.D. at 391. The parties may be able to agree on their respective rights at the time the deposition is taken, or may have the documents marked for identification at that time, so that a subsequent motion under Rule 34 may raise the precise point in dispute.

Whatever cause to copy and inspect the documents plaintiffs in the instant case may be able to show, they are faced with the provisions of 49 U.S.C.A. § 320(f), quoted above. See Irvine v. Safeway Trails, E.D.Pa., 10 F.R.D. 586. If plaintiffs wish to argue that the documents are not privileged, they may file a proper motion under Rule 34. No ground for a contempt citation has been shown.

(2) Counsel for defendants concede that their instruction to the witness Causey not to testify with regard to his investigation of the accident was too broad and therefore erroneous, and have offered to produce the witness for a further deposition to be held at the convenience of counsel for plaintiffs. No doubt this has been or will be done without further order of Court, but if plaintiffs feel that they need an order, they may present one upon due notice. A contempt citation at this time is not warranted.

The motion for contempt citation is hereby denied.