**MERIT FINANCE COMPANY, INC. OF KINGSPORT, a Corporation, Plaintiff,**

v.

**SERVICE FINANCE COMPANY, INC. OF GREENWOOD, a Corporation, and E. H. Beshers, Defendants.**

Civ. A. No. 4977.

United States District Court
D. South Carolina,
Greenwood Division.

Dec. 6, 1965.

Howard L. Burns, of Grier, McDonald, Todd, Burns & Bradford, Greenwood, S. C., for plaintiff.

Robert A. Bullock, Columbia, S. C., of record, but not appearing, for defendants.

HEMPHILL, District Judge.

Notice to defendants' counsel of record, filed December 1, 1965, advised of motion for an order of this Court striking the Answer and rendering judgment in favor of plaintiff and against the defendants by default as provided by Rule 37(d) of the Federal Rules of Civil Procedure [1] upon the ground that defendant Beshers willfully failed to appear for the taking of his deposition, same duly noted for Greenwood, South Carolina, November 26th, 1965. The record reveals that on November 18th, 1965, notice of depositions was advised (by counsel for plaintiff over the signature of Robert M. Erwin, Jr.), was given to Robert A. Bullock, counsel for defendants, plaintiff's counsel having

---

1. Rule 37(d) of Federal Rules of Civil Procedure. Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

attached proper certificate of service thereon.

The original notice of motion for default judgment was noted for hearing at Greenville, S. C., on December 3rd, 1965, at which time the Court was not in session. In an abundance of precaution counsel for plaintiff applied to the Court who thereafter advised the Clerk to notify counsel of record of a hearing to be held in Greenville, South Carolina, at 12 o'clock noon on December 6th, 1965. At 12 o'clock noon on December 6th, 1965, the Court was in session and thereafter, at the instruction of the Court, the United States Marshal called defendant Beshers, and his counsel, three times as required by law; no answer was forthcoming.

Ellis I. Kahn, Esquire, law clerk for the Court, was then instructed to telephone counsel for defendants, complied, was advised by defendants' counsel that the Notice of the Hearing of December 6th had been received by counsel for defendants, that he in turn had notified the defendant Beshers, and that neither would appear; neither did appear. The Affidavit of the law clerk is attached hereto and made a part of this order by reference.

The original action, instituted by filing of Summons and Complaint dated June 11, 1965, is based on fraud and seeks accounting to plaintiff by defendants of money received on obligations allegedly sold by the defendant Beshers to plaintiff; seeks also a judgment in favor of plaintiff against defendant Beshers for $22,762.00, and other relief. Defendants' Answer, over the signature of Robert A. Bullock, Esquire, dated August 6, 1965, is, and constitutes, a general denial.

As reported in 2A Barron and Holtzoff, Federal Practice and Procedure (Wright Ed. 1961) § 855:

> Subdivision (d) of this rule [2] deals with the consequences of the failure of a party or an officer or managing agent of a party to attend after service of a notice of the taking of his deposition, or the failure to serve answers to interrogatories submitted under Rule 33. Upon wilful failure in either of these respects, the court "on motion and notice may strike out all or any part of the pleading of that party, or dismiss the action or proceeding or any part thereof, or enter judgment by default against that party."

This Court had under advisement for guidance in connection with the procedural issues herein the following: Bourgeois v. El Paso Natural Gas Co., 20 F. R.D. 358; Milewski v. Schneider Transportation Co., 6 Cir., 238 F.2d 397; Fischer v. Dover Steamship Co., 2 Cir., 218 F.2d 682, 683.

It is noteworthy that neither defendant has availed the use of Rule 30(d), Federal Rules of Civil Procedure.[3] As

---

2. Rule 37(d) Federal Rules of Civil Procedure.

3. Rule 30(d) Federal Rules of Civil Procedure. Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable.

was noted in Bourgeois, supra, "Instead of resorting to that orderly procedure the [party] * * * has undertaken to ignore the order of the court." [4] There is an absence of plausible and specific explanation here; in fact, the processes of the Court are ignored.

It is noteworthy that service by the Marshal was accomplished on July 19, 1965 by serving Beshers.[5] Of consequence also was the courtesy extended to defendants' counsel by Howard Burns, Esquire, of counsel for plaintiff, who telephoned and wrote [6] to notify of the hear-

4.

| December 2, 1965 | C. A. 4977 |
| Robert A. Bullock, Esq. | Merit Finance Co., Inc., etc. |
| Attorney at Law | vs |
| 1110 Barringer Bldg. | Service Finance Co., Inc. of |
| Columbia, S. C. | Greenwood, a corp., and E. H. |
| | Beshers |

Dear Mr. Bullock:

I have been directed by Hon. Robert W. Hemphill, United States District Judge, to advise you that he will hear Plaintiff's Motion for an Order striking out the answer in the above case and rendering judgment in favor of the Plaintiff against the Defendant by default in the United States District Courtroom, Greenville, S. C., at 12 o'clock noon on Monday, December 6, 1965.

Very truly yours,

Miller C. Foster, Jr., Clerk.

———◆———

5. I hereby certify and return that I served the annexed CA#4977 Exh. A. on the therein-named Service Finance Company Inc. of Greenwood and E. H. Beshers by handing to and leaving a true and correct copy thereof with

1. Served Service Finance Company Inc. of Greenwood thru. Mr. E. H. Beshers, Secretary.

2. Personally served Mr. E. H. Beshers personally at Batesburg, at Batesburg, S. C. in the said District on the 19 day of July, 1965.

JOHN A. ROWLAND
United States Marshal.

By /s/ Terry S. Pitts
Deputy.

———◆———

6.                                                                    December 2, 1965

Mr. Robert A. Bullock
Attorney at Law
1110 Barringer Building
Columbia, South Carolina

Re: Civil Action No. 4977
Merit Finance Co., Inc. v.
Service Finance Co., Inc., etc.

Dear Mr. Bullock:

This will confirm the telephone message I left with your secretary in your absence on this afternoon.

The motion which we served upon you in the above matter was noted for hearing at Greenville on tomorrow. However, Judge Hemphill will not be able to hear that motion on tomorrow, but he advises that it will be heard in Greenville, where he is holding a term of court, on next Monday, at twelve noon. He asked that I convey this information to the Clerk's office, who is also advising you of this same time for hearing the motion.

Yours very truly,

GRIER, MCDONALD, BURNS & BRADFORD

HLB:bm                                       By /s/ Howard L. Burns

ing, and explained to opposing counsel the course plaintiff intended to pursue.

■■ This Court finds that defendants willfully failed to attend after plaintiff served notice of taking of deposition of Beshers, a party defendant and an agent or officer of his codefendant.[7] Accordingly, the motion to strike the Answer and render judgment in favor of plaintiff (by default) is granted, for the full amount prayed for, the action being based on fraud.

The Clerk will make the appropriate entry.

And it is so ordered.

STATE OF SOUTH CAROLINA ⎫
COUNTY OF GREENVILLE ⎬ A F F I D A V I T
⎭

PERSONALLY APPEARED before me Ellis I. Kahn, who being duly sworn, deposes and says as follows:

I am Law Clerk to the Honorable Robert W. Hemphill, United States District Judge.

At 12:30 P. M. on December 6, 1965 I was instructed by the Court to telephone Robert A. Bullock, Esquire, of the Columbia Bar to make inquiry as to why he did not appear when the case of Merit Finance Co., Inc., etc. vs. Service Finance Co., Inc., etc., et al. Civil Action No. 4977, was called.

Mr. Bullock informed me that he notified his client that he was to appear at the time scheduled. This notification was given during the latter part of the week of November 29th, 1965. He indicated that his client was uncooperative, and that he had not paid counsel his fees. Counsel advised his client he could do nothing without his help, and that Default Judgment could be entered against him.

When asked by me as to whether he still represented his client, Mr. Bullock advised me "That was a good question."

WITNESS my Hand and Seal this 6th day of December, 1965.

Ellis I. Kahn
ELLIS I. KAHN

SWORN to and subscribed before me this 6th day of December, 1965, at Greenville, South Carolina.

Roberta J. McCain
Roberta J. McCain
Notary Public for South Carolina
(My Commission expires at the pleasure of the Governor.)

7. Both parties appeared generally, are subject to the jurisdiction, and are charged with knowledge of the Federal Rules of Civil Procedure. See Cunningham v. Jaffe, 37 F.R.D. 431 (W.D.S.C.1965).