George **WALKER**, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE CO.**
et al., Defendants.

Lynwood **WALKER**, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE CO.**
et al., Defendants.

Nos. 69–C–231, 69–C–266.

United States District Court
E. D. Wisconsin.

Jan. 21, 1970.

Irving D. Gaines, Milwaukee, Wis., for George Walker.

Habush, Gillick, Habush, Davis & Murphy, Milwaukee, Wis., for Lynwood Walker.

Kivett & Kasdorf, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved in the cases of *George Walker*, No. 69-C-231, and *Lynnwood Walker*, No. 69-C-266, for an order requiring the respective plaintiffs to execute authorization forms which would allow the defendants to examine certain tax records and all hospital-medical-employment records of the plaintiffs. The court has been advised that Lynwood Walker signed both forms and George Walker has signed the tax form. Thus, the only issue remaining is whether the court should enter an order requiring George Walker to sign the hospital-medical-employment authorization form.

The underlying cases involve an automobile accident in which George Walker allegedly sustained injury.

The basis for the defendants' motion is Rule 34, Federal Rules of Civil Procedure, which permits the court to order production of documents which constitute or contain relevant evidence. The defendants are asking for a blanket order requiring George Walker to release any and all hospital, medical and employment records without a showing of relevancy or good cause and also without describing any such records or documents. In my opinion, Rule 34 does not prescribe such a blanket authorization. See Scuderi v. Boston Insurance Company, 34 F.R.D. 463 (D.Del. 1964); Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., 30 F.R.D. 156 (S.D.N.Y. 1958).

During the pendency of this motion, the time for the completion of discovery as set by the court expired. However, if the defendants wish to bring motions for the release or production of specific records as to named doctors, hospitals and employers, encompassing specified dates, the court will grant the defendants' requested six week extension of time for discovery in both cases. The six week period shall run from the date of this order. The actions arise out of an automobile accident which occurred on May 9, 1966, but the suits were not brought to this court until May, 1969. The case involving Lynwood Walker was begun in the state courts in April, 1969 and removed to federal court in May, 1969. The cases are therefore not so old that additional discovery time cannot be allowed. The plaintiffs have indicated that they do not object to an extension.

Therefore, it is hereby ordered that the defendants' motion for an order requiring the plaintiff George Walker to execute the hospital-medical-employment authorization form be and hereby is denied, and the defendants' request for six weeks additional discovery time be and hereby is granted.