**RONSON CORPORATION, Appellant,**

v.

**LIQUIFIN AKTIENGESELLSCHAFT, LIQUIGAS, S.p.A., et al., Appellees.**

**No. 74–1085.**

United States Court of Appeals,
Third Circuit.

Argued April 3, 1974.

Decided April 19, 1974.

Raymond L. Falls, Jr., Cahill, Gordon & Reindel, New York City, McCarter & English, Newark, N. J., for appellant.

Donald J. Zoeller, Mudge, Rose, Guthrie & Alexander, New York City, Carpenter, Bennett & Morrissey, Stryker, Tams & Dill, Newark, N. J., Cravath Swaine & Moore, New York City, Hannoch, Weisman, Stern & Besser, Newark, N. J., for appellees; Robert S. Rifkind and Paul C. Saunders, New York City, Milton Kunen, Mark C. Zauderer, of Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel.

Before KALODNER, VAN DUSEN and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

After careful review of this case, we conclude that the judgment of the district court should be affirmed. In so doing we wish to emphasize the limited nature of the roles that the district court and this court are called upon to pursue in a matter of this nature.

Briefly stated, the plaintiff has contended that the defendants have failed

to make adequate disclosure of certain factual data as required by the terms of the Williams Act, 15 U.S.C. §§ 78m, 78n. After a number of amendments to the tender offer were made during the course of the proceedings in the district court, the trial judge concluded that the defendants had adequately met the objections asserted by the plaintiff.

The law requires disclosure of certain basic facts to the shareholders to enable them to make an informed decision to sell or hold their stock. Obviously, that choice is a matter of individual judgment. In no way should our action be taken as approval or disapproval of the tender offer, or of the wisdom of acceptance or rejection by the shareholders. Such functions are not entrusted to the courts.

██ We recognize that in a case of this nature involving as it does the extremely complex relationships between numerous foreign corporations and individuals, there may be practical problems connected with the production of important information. Generally the burden of proof is on the plaintiff. However, in some circumstances the burden of going forward with the evidence may shift so as to make it necessary that the principal controlling individual of a foreign entity making the tender offer should be called to testify in person before the trial court. Similarly, broad discovery must be granted in this type of case to compensate for the lack of available data subject to the subpoena powers of the court. Our review of the district court's rulings in meeting those situations here does not disclose error.

The judgment of the district court will be affirmed.[1] The mandate or certified judgment in lieu of mandate shall issue forthwith.

---

1. The motion by appellees for enforcement of the February 15, 1974 Order of this Court and the motion by appellant to supplement the record filed March 15, 1974 and related papers later filed are denied as moot, in view of the agreement of counsel, stated during oral argument, that the dispute underlying such motions would be resolved by counsel.