Selman **COOKE, Plaintiff-Appellant,**

v.

**NEW MEXICO JUNIOR COLLEGE BOARD et al., Defendants-Appellees.**

No. 76–1983.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 14, 1978.

Decided July 10, 1978.

Paul A. Phillips, Albuquerque, N.M., for plaintiff-appellant.

Gerald A. Lewis, Hobbs, N.M. (Neal & Neal, Hobbs, N.M., on the brief), for defendants-appellees.

Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue raised in this appeal is whether the trial court erred in dismissing plaintiff's cause of action because of the plaintiff's failure to comply with an order of court that he produce his personal diary, covering a period of twenty-six months, for inspection and copying by the defendant. We conclude that the trial court did err in thus dismissing plaintiff's action, and we therefore reverse.

Selman Cooke, a teacher at New Mexico Junior College, was notified by the school's Board that his teaching services were terminated because of a decision by the Board to discontinue those subjects which Cooke was then teaching, namely, geography, geology, and anthropology. Being of the view that the reason given by the Board was a subterfuge, and that the real reason for his discharge was certain utterances made by him in the classroom, Cooke brought a civil rights action under 42 U.S.C. § 1983, claiming that his First Amendment rights had been violated. Named defendants were the Board, and the individual members thereof, as well as the president and vice-president of the College. The defendants by answer denied that the termination was motivated by any impermissible reason, alleging immunity, good faith, and privilege. Defendants' motion for summary judgment was denied.

Depositions were taken in preparation for trial, and the present dispute has its genesis in the taking of the deposition of the plaintiff. During the course of that deposition, Cooke was interrogated about a conversation he had with the vice-president of the College on February 3, 1972. When asked if his testimony in that regard was only a "recollection," Cooke stated that it was not, as he had recorded in his personal diary that same day the text of their conversation, and that in preparation for his deposition he had reviewed his diary. Defense counsel then asked Cooke to read into the record the entry he had made in his diary concerning his conversation with the school's vice-president on February 3, 1972, which Cooke did. Defense counsel then asked if he could have a copy of the diary. Cooke's attorney stated that defense counsel definitely could not have a copy of the entire diary, as there were "all sorts of things in it that relate not to this or anything else." Cooke's attorney did indicate, however, that any entry in Cooke's diary which related to the lawsuit would be made available to the defendant.

This offer apparently satisfied defense counsel, but only temporarily. He later filed a request, pursuant to Fed.Rules Civ.P. 34, that Cooke produce and permit the defendants to inspect and copy all "diaries or chronological notes by the plaintiff, whether in one volume or more or uncompiled; which diary, diaries, or notes cover the continuous time between the following dates: May 1, 1973, through June 30, 1975."

Cooke did not comply with the defendants' request to produce, and defense counsel then sought an order of court to compel the plaintiff to produce his diary. A hearing on this request was held before a magistrate. At this hearing, counsel for Cooke again objected to producing Cooke's diary for a twenty-six month period and to permit defense counsel to thereafter browse through the diary at his leisure. Counsel

stated that there were many entries which were personal in nature and did not relate in any manner to the present litigation. Counsel offered to submit copies of any and all entries in the diary which in any way related to the present controversy between the parties. In addition, he further offered to permit the magistrate, or the court, to edit the diary and make certain that all pertinent entries had been disclosed.

Apparently based on the hearing before the magistrate, the trial court, without further argument, ordered Cooke to produce within five days for inspection and copying the diary, or diaries, sought in the defendants' motion to produce, Cooke did not comply with the trial court's order to produce. The defendants then moved to dismiss the action because of Cooke's failure to comply with the trial court's order. A response was filed to the motion to dismiss, counsel asserting that there was no "earthly purpose" in requiring Cooke to produce his diary covering more than a two-year period and containing "his dreams, his fantasies, his love life, . . . except to harass and overburden and embarrass the plaintiff and others." Counsel in the response again indicated a willingness to produce copies of those entries which had bearing on the lawsuit, or any defense thereto, and reiterated his willingness to let the court itself determine which entries were relevant. The trial court thereafter granted the defendants' motion to dismiss and entered judgment dismissing the action. It is this judgment of dismissal from which Cooke prosecutes the present appeal.

Fed.Rules Civ.P. 26(b)(1) provides that discovery may be had "regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery . . . ." (Emphasis added.) In addition, Fed.Rules Civ.P. 34(b) requires that the request must "describe each item and category with reasonable particularity." 4 Moore's Federal Practice ¶ 26.56[1] (2d ed. 1976); *Walker v. Liberty Mutual Insurance Co.*, 48 F.R.D. 365 (E.D.Wis.1970); *Camco, Inc. v. Baker Oil Tools, Inc.*, 45 F.R.D. 384

(S.D.Tex.1968); and *Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 40 F.R.D. 480 (D.S.C.1966). In the instant case Cooke concedes that certain entries in his diary are relevant to his dispute with the College, and he has repeatedly offered to provide the defendants with copies of such entries. Furthermore, Cooke has offered to permit the trial court, or other neutral designate, to thereafter inspect his diary and make certain that all relevant entries have been given the defendants. This, then, is not an instance where the plaintiff is stonewalling, and his offer to produce relevant entries should be amply sufficient to satisfy the defendants in their discovery efforts. Surely the defendants do not want to waste valuable time in reading entries in Cooke's diary which are purely personal in nature and in no manner relate to his dispute with the College. The only possible reason the defendants would want to inspect and copy non-relevant entries would be to cause embarrassment. Rule 26(c) permits a trial judge to enter protective orders which will protect a party from annoyance, embarrassment, oppression, or undue burden. *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965) and *Ronson Corp. v. Liquifin Aktiengesellschaft*, 370 F.Supp. 597 (D.C.N.J.1974), affirmed 497 F.2d 394 (3rd Cir. 1974), *cert. denied* 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 108 (1974).

Judgment vacated and the matter is remanded to the trial court with direction that Cooke's cause of action be reinstated. Further proceedings shall be consonant with the views herein expressed.