Rockingham, } No. 4203.
July 1, 1953. }

JEANNETTE M. REYNOLDS

*v.*

BOSTON & MAINE TRANSPORTATION COMPANY.

252

*George P. Cofran, Thomas E. Flynn Jr.,* and *Paul A. Rinden* (*Mr. Rinden* orally), for the plaintiff.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendant.

LAMPRON, J.   The defendant takes the position that, although the provisions of R. L., c. 392, s. 23, do not directly govern this case, this section sets up a policy which should be applied to it. Consequently it maintains that the Court's denial of plaintiff's motion should be sustained as a matter of law or at least as a proper exercise of the Court's discretion.

The plaintiff contends that section 23 is not applicable to discovery and that the modern concept of discovery and justice require that the information sought be made available in order that the trial be rendered fair.

R. L., c. 392, s. 23, reads as follows:   "No party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defense, unless the deposition is taken in his own behalf."

"Discovery is the disclosure by defendant of facts, deeds, documents, or other things which are in his exclusive knowledge or

possession, and which are necessary to the party seeking the discovery as a part of a cause or action pending . . . ." 27 C. J. S. 5; *Reynolds* v. *Fibre Co.*, 71 N. H. 332, 340.

"The right to discovery and inspection is necessarily preliminary, remedial and discretionary and is favored as a method 'to ascertain the truth by rational means' . . . in order that the case may be decided on the basis of pertinent evidence rather than the rules of evidence." *State* v. *Cote*, 95 N. H. 108, 111.

However plaintiff's right to discovery does not extend to all facts which may be material to the issue but is confined to facts which are material to her cause of action. Their production will be ordered if the Court can fairly find that they may in any way be material to plaintiff's cause which may mean simply material to the proper preparation of her case. *Ingram* v. *Railroad*, 89 N. H. 277, 279; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 356. We have no doubt that it could be found that the names and addresses of passengers contained on these cards are material to the proper preparation of plaintiff's case.

It is true, as pointed out by defendant, that the plaintiff has not shown that any of these witnesses knows any facts which are material to the case. However, the materiality of the evidence sought need not be definitely established. *Ingram* v. *Railroad, supra.* It is sufficient that they may have such knowledge, which is likely.

It is also true that discovery is not to be granted the plaintiff to enable him to pry into defendant's case or to find out the evidence by which that case will be supported. *Ingram* v. *Railroad, supra.* These passengers as witnesses to this accident are not the exclusive property of either party. In the interest of justice both parties are entitled to have their testimony introduced in this action for whatever help it may furnish in arriving at a just determination. Plaintiff is not endeavoring to ascertain what defense the defendant contemplates making nor facts that exclusively relate to its case but is seeking discovery of facts which will enable her to prove her case. We fail to see how an order that the defendant produce the names and addresses in its possession would violate the letter or the spirit of R. L., c. 392, s. 23, or any of the equitable safeguards which surround the remedy of discovery. *Reynolds* v. *Fibre Co.*, 71 N. H. 332, 345; *LaCoss* v. *Lebanon*, 78 N. H. 413, 418.

As we have already said the right to discovery is discretionary. *State* v. *Cote*, 95 N. H. 108, 111. However the record in this case

tends to show that discretion was not exercised. In this situation the appropriate procedure is to return the case to the Superior Court. *Vallee* v. *Company*, 89 N. H. 285, 291; *Colby* v. *Varney*, 97 N. H. 130, 134.

*Case discharged.*

All concurred.