**ZENITH RADIO CORPORATION,**
Plaintiff,

v.

**RADIO CORPORATION OF AMERICA,**
et al., Defendants.

Civ. A. No. 1247.

United States District Court
D. Delaware.

Oct. 12, 1954.

Arthur G. Connolly and Thomas Cooch, of Connolly, Cooch & Bove, Wilmington, Del., Joseph S. Wright, Francis W. Crotty and Philip J. Curtis, Chicago, Ill., Willis H. Taylor, Jr., R. Morton Adams and Thomas F. Reddy, Jr., of Pennie, Edmonds, Morton, Barrows & Taylor, New York City, and Thomas C. McConnell, of McConnell, Lutkin & Van Hook, Chicago, Ill., for plaintiff.

Caleb S. Layton, of Richards, Layton & Finger, Wilmington, Del., Stephen H. Philbin, of Fish, Richardson & Neave, New York City, John W. Nields, of Cahill, Gordon, Reindel & Ohl, New York City, and Leonard Lyon, Los Angeles, Cal., for defendant Radio Corp. of America.

John J. Morris, Jr., of Morris, James, Hitchens & Williams, Wilmington, Del., A. C. Bickford and Thomas Thacher, of Simpson, Thacher & Bartlett, and Delavan Smith, New York City, for defendant General Electric Co.

William Prickett, Wilmington, Del., John E. F. Wood and Henry R. Ashton, New York City, for defendant Western Electric Co., Inc.

LEAHY, Chief Judge.

Pre-trial Order No. 1 provides for a separate issue of validity and infringement of defendants' counterclaim patents. Pre-trial Order No. 2 provides for the order of trials of those issues. Such trials will be had prior to the trial of any other issue in the cases at bar.

Extensive discovery proceedings have occurred as to the issues of validity and infringement; and counsel has most recently attended proceedings on these matters on January 21 and 22, 1954, March 1 and 2, 1954, and April 1, 1954. By opinion of May 20, 1954, the Court ruled on various documents withheld by defendants. See Zenith Radio Corp. v. Radio Corporation of America, D.C.Del., 121 F.Supp. 792. The disclosure or nondisclosure of other additional withheld writings of defendants will be decided, infra, in this Pre-trial Order No. 3. Defendants have and are now making available to plaintiff certain documents (previously identified and withheld) under Order of this Court of May 7, 1951, as to patents identified in Exhibit A to the Pre-trial Order No. 2.

The most recent pre-trial conference was held on September 24, 1954, at which time all counsel participated and were heard.

Now, upon the orders heretofore entered by this Court and the proceedings thereunder, the pre-trial conference of September 24, 1954, and upon all the pleadings heretofore filed, and the remainder of the paper record, and after all counsel have been heard, it is ordered:

■ 1. (a) Plaintiff shall give to each defendant notice in writing of any instance where it will attempt to carry dates of anticipation back of record dates of defendants' patents and as provided in § 282 of Title 35 of the United States Code, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit.

■ (b) Each defendant shall notify plaintiff in writing of any instances where any defendant will rely at the trial on earlier dates of invention than the filing dates of the applicable patent applications and advise plaintiff of the dates of invention, conception, disclosure and reduction to practice and of the names of persons and of the written material upon which it will rely for such purpose.

(c) Exchange of the material, supra, shall be made as to each patent at least 30 days prior to the trial of that patent as set forth in Groups I to VIII in Pretrial Order No. 2, May 20, 1954.

2. Written statements of the substance of expert and technical testimony to be relied upon at the trial shall be exchanged as follows:

■ (a) Defendants shall, 60 days prior to trial of each group of patents, submit to plaintiff a written statement of the substance of defendants' expert testimony with respect to the subject matter and scope of such patents and a description of the characteristics of plaintiff's apparatus to be relied on to establish alleged infringement.

■ (b) Plaintiff shall, 20 days prior to trial of each group of patents, submit to defendants a written statement of the substance of its expert testimony to be relied on to establish the alleged invalidity and non-infringement of such counterclaim patents and a statement of the extent of its agreement and disagreement with defendants' description of the characteristics of plaintiff's apparatus.

(c) Defendants and plaintiff shall agree on a time, not later than 15 days prior to the trial of each group of patents, and place, for conducting joint tests with respect to any disagreement concerning the characteristics of plaintiff's apparatus.

■ 3. (a) Defendants shall furnish to plaintiff copies of all documents which defendants intend to produce at the trial not later than 30 days prior to the trial of each group of patents.

■ (b) Plaintiff shall 10 days thereafter, furnish to defendants copies of all documents which plaintiff intends to produce at the trial. At the same time,

plaintiff shall furnish to defendants a statement setting forth which of defendants' proposed documents plaintiff will stipulate to admit at the trial subject only to objections as to relevancy and materiality together with a statement of plaintiff's objections to other of defendants' documents.

■ (c) Defendants shall, 10 days thereafter, furnish to plaintiff copies of all documents which defendants intend to produce at the trial in rebuttal to plaintiff's documentary case, together with a statement of defendants' objections with respect to plaintiff's documents, and a statement setting forth which of plaintiff's proposed documents defendants will stipulate to admit at the trial subject only to objections of relevancy and materiality.

4. (a) At the opening of the trial of any group of patents to be tried, defendants shall offer in evidence their documents and exhibits relating to such group of patents. The documents shall be appropriately marked and identified, arranged in related groups, and shall identify the patent to which they relate. A short written summary indicating the contents of such documents, the portion thereof relied upon, the significance thereof and whether such document has been objected to by plaintiff shall be filed therewith and served on plaintiff.

(b) At the conclusion of defendants' proof with respect to any such group of patents, plaintiff shall similarly offer in evidence its documents and shall file and serve a similar summary statement therewith.

(c) Thereafter, identical procedure will be followed with respect to each succeeding group of patents.

5. The parties shall, when portions only of books and documents are admissible as relevant and material, prepare and supply copies of those portions only, with due identification of source. The whole of such books or documents, however, shall be made available to counsel in the initial exchange of documents— and thereafter, if necessary—between the parties for purposes of identification and for cross-examination.

6. (a) No party shall object to introduction into evidence of any document on the ground a photostatic copy has been offered instead of the original documents.

(b) No party shall object to introduction into evidence of the whole or any portion of any foreign or domestic publication or of quotations from any foreign patent law or from any foreign or domestic publication on the ground such publication has not been certified or authenticated provided such publication is plainly identified, and is available or made available, on request, to the other party.

(c) No party shall object to introduction into evidence of any copy of a United States patent or foreign patent obtained from the files of the United States Patent Office on the ground the original has not been offered.

(d) Dates of filing, the grant, acceptance, issuance or publication appearing on all letters patent shall, in the absence of proof to the contrary, be considered the dates of filing, the grant, acceptance, issuance, or publication, respectively, of such patents or publications, but shall not be considered proof of the contents of the application as filed.

(e) No defendant shall be precluded by this order from offering in support of its affirmative case with respect to its patents, and plaintiff shall not be precluded from offering in support of its case against such patents, any further evidence, documentary or otherwise, should the materiality or relevance of such further evidence be disclosed by later events, or should such evidence not be available to the party desiring to offer it at the time of the submissions mentioned above, or should such evidence be omitted through inadvertence. Any such evidence may be offered and admitted upon reasonable notice and a showing satisfactory to the Court consistent with the bona fide execution of the provisions of this order. This shall not be taken

to preclude either party from examining or cross-examining subject to rulings of the Court, a witness upon any document or documents.

7. Any schedule or other compilation shall be admissible in evidence provided identity and location of such source material is indicated on such schedule or other compilation, that such source material is made available to the parties, that a copy of such schedule or other compilation has been furnished to the other parties not later than 20 days in advance of its being offered in evidence and the parties have stipulated there is no objection to its admissibility.

Provided, however, this provision shall not prevent the cross-examination, subject to rulings of the Court of the authors or compilers of such source material.

8. Defendants shall furnish plaintiff and plaintiff shall furnish defendants with a list of the witnesses each proposes to use on its case and a brief statement as to the subjects on which they will testify at least 40 days prior to the trial of each group of patents.

This provision, however, shall not preclude a party from using other witnesses if their existence or the relevance of their testimony is discovered at a later date. Notice thereof shall be given to the other party. In the event such notice is insufficient to prevent surprise or prejudice, the Court shall make such orders in respect of continuances or otherwise as is necessary in the circumstances.

9. The procedure to be followed in connection with the use of depositions at the trial shall be thus established, subject to such limitations as the nature of the case reveals to be desirable upon the application of either party:

(a) Any party presenting a deposition at the trial or a portion thereof, other than for the purpose of impeaching a witness, shall file with it a succinct narrative summary of the contents, and serve a copy of such summary upon the opposing party at least 40 days prior to the use of such deposition at the trial.

(b) If the opposing party contends there are inaccuracies in such summary, it shall have opportunity to file with the Court and serve upon the other party, a statement of the specific portions of the summary deemed inaccurate with references to the portions of the transcript asserted to establish each inaccuracy.

(c) Absent material inaccuracies in the summary, the summary shall be regarded as an accurate and complete statement of the contents of the deposition, and shall be received in evidence in lieu of the verbatim transcript of the deposition, subject to the following reservations:

1. Either party may make objections as to the materiality or competency of any part of the summary.

2. Either party may offer in evidence the verbatim transcript of the testimony of a witness whereby the party deems the summary to be in conflict with such testimony.

3. Either party may offer in evidence all or any part of a deposition if such party considers that necessary to its case.

Defendants have delivered to the Court 42 documents which have been withheld from plaintiff. The opinion of this Court dated May 20, 1954, discusses other writings which have been ruled on. See, Zenith Radio Corp. v. Radio Corporation of America, D.C.Del., 121 F. Supp. 792, and for the suggestion a Special Master might be appointed to rule on the withheld documents. After further consideration and in order to expedite trial dates, the Court has determined, as the parties were unable to agree which, if any, of the presently withheld writings should be disclosed by defendants to plaintiff, not to appoint a Special Master to decide the issue of discovery respecting these writings; but, the Court, on the contrary, has examined all of such documents, and applying its criteria on the "privileged" and "work-product" documents, now rules as follows:

(Writings Involving RCA)

| Iden. | Type | From | To | Date | Ruling |
|---|---|---|---|---|---|
| Z–2300–C–74 | Letter | F. J. Harbaugh | S. H. Philbin | 11/13/40 | Privileged |
| Z–2304–C–15, 16 | " | J. Huff | " | 11/11/40 | " |
| Z–2331–7 | " | S. H. Philbin | J. G. Norton | 12/30/40 | " |
| Z–2332–18, 19 | " | J. G. Norton | S. H. Philbin | 3/30/42 | " |
| Z–2332–20, 21 | " | J. G. Norton | S. H. Philbin | 3/7/42 | " |
| Z–2332–65 | " | S. H. Philbin | J. G. Norton | 12/12/41 | " |
| Z–2333–1 | " | S. H. Philbin | J. G. Norton | 12/31/40 | " |
| Z–2333–8, 9, 10, 11 | " | J. G. Norton | S. H. Philbin | 1/4/40 | " |

(Writings Involving GE)

| Iden. | Type | From | To | Date | Ruling |
|---|---|---|---|---|---|
| GE–200–B–8, 9 | " | M. Church | H. E. Dunham | 12/9/32 | " |
| GE–200–B–16 | " | H. E. Dunham | H. P. Brown | 12/1/32 | " |
| GE–200–B–45 | " | M. Church | H. E. Dunham | 6/30/32 | " |
| GE–200–B–55 | " | H. P. Brown | H. E. Dunham | 8/21/31 | " |
| GE–200–B–82 | " | M. Church | H. E. Dunham | 7/23/31 | " |
| GE–200–B–83 | " | H. E. Dunham | M. Church | 7/22/31 | " |
| GE–200–B–84, 85, 86 | " | M. Church | H. E. Dunham | 7/1/31 | " |
| GE–200–B–87, 88, 89 | " | M. Church | H. E. Dunham | 6/30/31 | " |
| GE–201–B–11 | " | H. E. Dunham | M. Church | 5/19/32 | " |
| GE–800–B–147 | " | C. M. Hutchins | T. Thatcher | 6/2/52 | " |

(Writings Involving WE)[1]

| Iden. | Type | From | To | Date | Ruling |
|---|---|---|---|---|---|
| WE–1172–1, 2, 3, 4 | Memo | W. L. Dawson | E. J. Driscoll | 10/8/40 | " |
| WE–1172–5 | Letter | E. W. Adams | E. J. Driscoll | 10/28/40 | " |
| WE–1172–6, 7, 8, 9, 10 | Memo | W. L. Dawson | E. J. Driscoll | 2/4/41 | " |
| WE–1172–11 | Letter | E. W. Adams | E. J. Driscoll | 2/17/41 | " |
| WE–1329–1, 2, 3, 4 | Memo | Unknown | Unknown | 3/13/41 | Unless identified as to privilege, to be produced |
| WE–1329– For File 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 | Memo | H. A. Whitehorn | Self | 5/23/41 | Privileged |

1. The WE documents were not marked with sufficient specificity. Where such occurs, I have supplied additional identifying marks.

| Iden. | Type | From | To | Date | Ruling |
|---|---|---|---|---|---|
| WE–1329–5, 6, 7 | " | W. T. Woodward | W. L. Brown | 7/30/41 | " |
| WE–1329–8 | Letter | E. J. Driscoll | W. R. Ballard | 8/4/41 | " |
| WE–1329–9[2] | " | E. J. Driscoll | W. R. Ballard | 12/11/41 | " |
| WE–1329–10 | " | W. R. Ballard | F. T. Woodward | 1/16/42 | " |
| WE–1329–11, 12, 13 | Memo | E. Robinson | Self | 1/19/42 | " |
| WE–1329–14[3] | Letter | H. R. Ashton | E. J. Driscoll | 1/23/42 | " |
| WE–1329–15 | " | E. J. Driscoll | J. H. Ray | 2/4/42 | " |
| WE–1329–16 | " | E. J. Driscoll | T. K. Stevenson | 2/4/42 | " |
| WE–1214–1, 2 | Memo | W. L. Dawson | E. J. Driscoll | 10/17/47 | " |
| WE–1214–3 | Letter | G. H. Heydt | E. J. Driscoll | 10/21/47 | " |
| WE–1214–B– 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 | Memo | E. H. Smythe | Self | 1/26/48 | Privileged |
| WE–1214–B–23, 24 | Letter | E. H. Smythe | E. J. Driscoll | 1/29/48 | " |
| WE–1524–1, 2, 3, 4, 5 | Memo | W. B. Woodward | H. A. Pattison | 3/5/48 | " |
| WE–1214–B–25, 26[4] | Draft Complaint | —— | —— | 3/29/48 | " |
| WE–1214–B–27, 28 | Memo suggesting changes in above draft | W. J. Navin | —— | 3/30/48 | " |
| WE–1214–B–29, 30[5] | Revised Draft Complaint | —— | —— | 4/7/48 | " |
| WE–1191–A– 1, 2, 3 | Memo | E. Robinson | Self | 9/29/42 | " |
| WE–1191–A– 4, 5, 6, 7 | Letter | F. T. Woodward | W. L. Brown | 12/30/42 | " |

On the basis of the foregoing, it is further ordered:

■ 10. All writings, with the exception of those noted above (WE–1329–1, 2, 3, 4) and the withdrawn items, fall within the classification of attorney-client privilege or "work-product" and defendants need not make production of these documents.

11. Trial briefs shall be in short outline form only, and be filed with the Court and exchanged by plaintiff and de-

---

2. Plaintiff withdrew its application for discovery of this item and 3 other items in its Memorandum in Support of Production, filed October 1, 1954, p. 7.

3. Ibid.

4. Ibid.

5. Ibid.

fendants 10 days prior to the trial of each Group of patents with respect to the patents in such Group.

12. Further depositions or other pre-trial proceedings on behalf of the parties to this action with respect to the issues of validity and infringement of Group I of the patents in suit shall be completed on December 17, 1954, and on January 4, 1955, counsel for plaintiff shall appear before the Court and advise when plaintiff will be prepared to commence the trial of the patents in Group I as designated in Exhibit A to the Court's Pre-trial Order No. 2 of May 20, 1954.

13. Trial dates of the issues relating to validity and infringement of the designated patents in Group I will then be fixed, and a Judge will be designated and assigned to hear and decide the cause.