**BRITT TECH CORPORATION, Plaintiff,**

v.

**L & A PRODUCTS, INC., a Minnesota corporation, and James F. Lindsay, an individual and Dennis F. Warta, an individual, Defendants.**

No. 4–63–Civ–176.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 7, 1963.

Kenneth D. Siegfried, Schroeder & Siegfried, Minneapolis, Minn., for plaintiff.

Joseph M. Finley, Doherty, Rumble & Butler, St. Paul, Minn., for defendants.

DEVITT, Chief Judge.

In this action for patent infringement, unfair competition, false marking in advertising and anti-trust violation, plaintiff moves for discovery and production of documents under Rule 34, F.R.Civ.P.

The issue for decision now is whether defendants should be required to produce and permit plaintiff to inspect and copy defendants' patent application, No. 245123 dated December 17, 1962 filed in the United States Patent Office, and whether defendants should be required to produce and permit plaintiff to inspect and copy cost comparison figures of defendants for its L & A washer products.

The court has read the pleadings, motions, affidavits and briefs of the parties, and concludes that plaintiff's motion in each respect should be granted.

Defendants are particularly concerned about maintaining the secrecy of the patent application, citing the statute, 35 U.S.C.A. § 122. But the statute enjoins only the patent office to maintain the confidence. Filed income tax returns are enveloped with more stringent secrecy provisions, but we have required their production. Karlsson v. Wolfson, 18 F.R.D. 474 (D.C.Minn.1956).

There are plausible arguments in support of defendants' position, but on balance plaintiff's arguments make more sense, and the logic of the cases cited by plaintiff is more persuasive.

Plaintiff's motions are granted.