BESSIE F. CRADDOCK v. QUEEN CITY COACH COMPANY.

(Filed 5 May, 1965.)

**1. Carriers § 18;   Bill of Discovery § 1—**

In an action by a passenger against the carrier to recover for injuries in an accident, the passenger is not entitled to compel an agent of the carrier in an adverse examination prior to trial, G.S. 8-89, to disclose information on the driver's report of the accident upon which the carrier based its report to the I.C.C., since to do so would render meaningless the provisions of 49 U.S.C.A. § 320(f), providing that the I.C.C. report should not be admitted in evidence in any suit or action for damages.

**2. Same—**

In an action by a passenger against the carrier to recover for injuries in an accident, the passenger is entitled to require the carrier to disclose the names of other passengers on the bus at the time of the accident.

CERTIORARI allowed to review an order of *Patton, J.,* 4 January 1965 Schedule "D" Civil Session of MECKLENBURG.

Plaintiff instituted this action on 25 March 1963, in which she seeks to recover damages for personal injuries sustained as a result of a collision between the defendant's bus and an automobile at the intersection of Elizabeth Avenue and King's Drive in the City of Charlotte, North Carolina, on 14 July 1961, at which time plaintiff was a passenger on defendant's bus.

On 28 May 1963 the defendant filed answer admitting that its bus had been involved in a collision with an automobile on 14 July 1961, and admitting that plaintiff had been a passenger on that bus. The defendant, however, denied that its driver had been negligent.

On 2 October 1963, pursuant to the provisions of G.S. 8-89, plaintiff filed a motion requesting that defendant be required to produce for plaintiff's inspection (1) the accident report submitted to the defendant by the defendant's driver of the bus which was involved in the aforesaid accident on 14 July 1961; (2) the original or copy of a list of the names and addresses of all passengers on defendant's bus on which plaintiff was injured in the collision on 14 July 1961; and (3) the name and address of the driver of defendant's bus on the occasion complained of, including the time the driver began work and the time

said driver stopped work on said date. This motion was withdrawn with the approval of the court on 21 November 1963.

On 17 December 1963, a petition for an adverse party examination of defendant's agent, Hal J. Love, was made, and an Assistant Clerk of the Superior Court of Mecklenburg County issued an order authorizing the adverse party examination and in addition thereto the Assistant Clerk issued a subpoena *duces tecum* directing Hal J. Love, Vice President and Assistant General Manager of defendant, Queen City Coach Company, to bring with him to the adverse party examination a copy of the accident report filed with the defendant company by its driver.

The adverse party examination of Hal J. Love was held on 30 December 1963. Mr. Love testified at the examination, but refused to allow the plaintiff to inspect the accident report and refused to testify, orally, with respect thereto.

Because Mr. Love refused to answer the questions put to him at the adverse party examination, and because Mr. Love refused to allow plaintiff's counsel to inspect the accident report made by defendant's driver, the hearing was adjourned.

An order to show cause why Hal J. Love should not be held in contempt for refusing to answer the questions put to him was issued by the Honorable George B. Patton on 21 January 1964.

This matter came on for hearing before Patton, J., on 6 January 1965, and Judge Patton entered an order directing Hal J. Love to "appear before the Commissioner heretofore appointed to make his adverse examination and to have then and there with him the original or copy of the written report, if there is one, of the driver of the defendant's bus involved in an accident on July 14, 1961, at the intersection of Elizabeth Avenue and King's Drive, Charlotte, North Carolina, and the names and addresses of all passengers on the defendant's bus at said time when the adverse examination heretofore continued is resumed."

From the entry of the above order, the defendant petitioned this Court for *certiorari* which was allowed on 2 February 1965.

*Charles M. Welling for plaintiff appellee.*
*John Ray; Myers & Rush for defendant appellant.*

DENNY, C.J. The primary question involved on this appeal is whether or not the plaintiff is entitled to the information directed to be given in the order entered in the court below.

According to the evidence adduced in the hearing below, the only statement or report made by defendant's driver was the statement

taken by counsel for defendant for use in making up the report required by the Interstate Commerce Commission (I.C.C.), on a specific form furnished by the I.C.C. Parts of the accident report were reproduced verbatim in the report to the I.C.C.

It further appears from the evidence that the defendant has no list, as such, of the names and addresses of the passengers, but counsel for defendant does have in his file cards given by passengers to the driver, commonly called "passenger cards." If the order entered below is upheld, a list of passengers may be compiled from these cards.

In pertinent part, Title 49 of the Code of Federal Regulations, § 194.4, requires:

> "(a)   Every motor carrier, except private carriers of property, shall file a report prepared on the form prescribed in this section for such carrier's use, for each recordable accident * * * which occurs in the operations of such .carrier."

Reports filed pursuant to the foregoing Regulations must be filed with the I.C.C. .

It is provided in 49 U.S.C.A. § 320(f), as follows:

> "No report by any motor carrier of any accident arising in the course of the operations of such carrier, made pursuant to any requirement of the Commission, and no report by the Commission of any investigation of any such accident, shall be admitted as evidence, or used for any other purpose, in any suit or action for damages growing out of any matter mentioned in such report or investigation."

Based on the foregoing statute, the Court, in *LaChance v. Service Trucking Co.,* 215 F. Supp. 159, denied plaintiff's motion for contempt citation when the custodian of the records at the time his deposition was taken, refused to permit counsel for plaintiff to inspect and copy the report of the accident made to the I.C.C. The Court further intimated that even if a motion were made pursuant to Rule 34, and even if good cause were shown as to why the plaintiff was entitled to inspect the documents, " * * * they are faced with the provisions of 49 U.S.C.A. § 320(f), * * *."

In our opinion, since the above statute prohibits the introduction in evidence, or use for any other purpose, of any report made to the I.C.C. in any suit or action for damages growing out of any matter mentioned in such report, it would be violative of the spirit and purpose of the I.C.C. Act to require the defendant to give `plaintiff the data upon which the I.C.C.` report was. based. To do so would make the protective provisions of the statute worthless.·

On the other hand, in our opinion the plaintiff is entitled to a copy of the list of passengers requested and their addresses.

In the case of *Reynolds v. Boston & Maine Transp. Co.*, 98 N.H. 251, 98 A. 2d 157, 37 A.L.R. 2d 1149, the Court held that the plaintiff, a bus passenger who brought an action to recover damages for personal injuries sustained when she was thrown to the floor of the bus by reason of the negligence of defendant's bus driver, was entitled to the names and addresses of other passengers obtained on cards passed out and collected by the driver following the accident. The Court said:

"* * * These passengers as witnesses to this accident are not the exclusive property of either party. In the interest of justice both parties are entitled to have their testimony introduced in this action for whatever help it may furnish in arriving at a just determination. Plaintiff is not endeavoring to ascertain what defense the defendant contemplates making nor facts that exclusively relate to its case but is seeking discovery of facts which will enable her to prove her case. * * *"

Similar orders were upheld in *Evtush v. Hudson Bus Transp. Co.*, 10 N.J. Super 45, 76 A. 2d 263, *affd.* 7 N.J. 167, 81 A. 2d 6, 27 A.L.R. 2d 731; *Belding v. St. Louis Pub. Serv. Co.*, 358 Mo. 491, 215 S.W. 2d 506; *McMahon v. Hayes-73rd Corp.*, 197 Misc. 318, 98 N.Y.S. 2d 84; *Furman v. Central Park Plaza Corp. (Ohio)*, 102 N.E. 2d 622. See also 37 A.L.R. 2d Anno: Discovery-Names of Witnesses, page 1152, *et seq.*

We hold that the list of names and addresses of the passengers on defendant's bus at the time of the accident complained of herein, is not privileged by reason of the attorney-client relationship. 139 A.L.R. Anno: Attorney-Privileged Communications, page 1250, *et seq.*

On the record before us, in light of the conclusions we have reached based on the statutes, Federal Regulations, and cases cited, we deem it unnecessary to determine whether or not the report made to defendant's counsel for the purpose of making the report required by law to the I.C.C., is privileged by reason of the attorney-client relationship.

The plaintiff is entitled to the names and addresses of the other passengers who were on defendant's bus at the time plaintiff was injured on 14 July 1961, but she is not entitled to a copy of the report made by defendant's bus driver to defendant's counsel for the purpose of making the report required by law to the I.C.C.

The order entered below is modified to the extent indicated; otherwise, it is affirmed.

Modified and affirmed.