**CARRIER MANUFACTURING CO.,**
**Plaintiff,**

v.

**REX CHAINBELT, INC., Defendant.**
**No. 66–C–209.**

United States District Court
E. D. Wisconsin.
Feb. 29, 1968.

Michael, Best & Friedrich, Milwaukee, Wis., for plaintiff.

Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a patent infringement suit in which the plaintiff charges the defendant with infringement of its Dumbaugh patent No. 3,251,497 and unfair competition and seeks an injunction, an accounting and treble damages. The court is informed that the Dumbaugh patent is generally directed to the following subject: "the varying of the feed rates of vibratory conveyors by varying the voltage applied to a squirrel cage type of motor which drives the feeder or conveyor." By way of amended answer and counterclaims, the defendant seeks a declaratory judgment of invalidity and noninfringement and charges the plaintiff with infringement of the defendant's alleged rights in a common law trademark "Carrier", as well as with unfair competition.

The matter is before the court on the defendant's objections to the plaintiff's interrogatories Nos. 94, 95, 117, 118, 196 and 197.

## PLAINTIFF'S INTERROGATORIES NOS. 94 and 95

The challenged interrogatories read as follows:

"94. Does defendant claim there is any difference between the feeders sold by defendant and the feeders described by the claims of the Dumbaugh patent in suit?

"95. If the answer * * * is in the affirmative, please state the difference or differences."

The defendant claims that the plaintiff is calling for opinions, contentions, conclusions, comparisons and interpretations of the claims of the patent in suit.

A party may be required to give a legal conclusion or opinion if the answer would "serve any substantial pur-

pose." It would be advantageous for the plaintiff to know what differences, if any, exist between the plaintiff's and the defendant's patent applications. The defendant's answers will serve to pinpoint the exact issues involved before the court.

## PLAINTIFF'S INTERROGATORIES NOS. 117 and 118

These interrogatories are as follows:

"117. Has defendant ever filed a patent application in the United States Patent Office directed to the subject matter of a vibratory feeder with an electromagnet for driving the feeder and a gating transistor circuit to control the voltage applied to the electromagnet?

"118. If the answer * * * is in the affirmative, state the date on which the patent application was filed."

The defendant objects to these interrogatories on the grounds that they are irrelevant and that they violate 35 U.S.C. § 122, which provides that patent applications be kept in confidence.

Regarding relevancy, rule 33, Federal Rules of Civil Procedure, provides that interrogatories may relate to any matters which can be inquired into under rule 26(b). Rule 26(b) provides that examination is proper which is "relevant to the subject matter involved in the pending action." Relevancy is a broad concept and has been interpreted as not being limited to the particular pleadings or to what is admissible at trial; for example, relevancy includes discovery of information which may be useful in preparation for trial. Enger-Kress Company v. Amity Leather Products Company, 18 F.R.D. 347 (E.D.Wis. 1953).

The court concludes that the answer to the interrogatories might lead to evidence concerning the defendant's dates of development of the same invention as set forth in the Dumbaugh patent since the defendant's work on gating transistor circuits for electromagnetically driven motors might have some logical

tie-in with its dates of work on gating transistor circuits for squirrel cage motors. Accordingly, the objection as to relevance is rejected.

Turning next to the defendant's contention that the interrogatories violate 35 U.S.C. § 122, it is noted that that statute protects the confidential nature of patent applications unless divulgence is "necessary". Sec. 122 provides:

"Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner."

In James B. Clow & Sons, Inc. v. United States Pipe & Foundry Co., 313 F.2d 46, 51 (5th Cir. 1963), the court stated:

"Neither 35 U.S.C.A. § 122, nor the rules of the Patent Office promulgated thereunder requiring patent applications to be maintained in confidence, nor the rules of privilege may be used to prevent the truth from coming to light in a pending suit such as this involving the issue of who is the first inventor, if the application sought is found to be relevant by the court."

In addition, the court in Britt Tech Corp. v. L & A Products, Inc., 223 F.Supp. 126 (D.C.Minn.1963), stated at page 126:

"Defendants are particularly concerned about maintaining the secrecy of the patent application, citing the statute, 35 U.S.C.A. § 122. But the statute enjoins only the patent office to maintain the confidence."

The court is of the opinion that interrogatories 117 and 118 are relevant and are not repugnant to 35 U.S.C. § 122. They should be answered by the defendant.

## PLAINTIFF'S INTERROGATORIES NOS. 196 and 197

■ Interrogatory 196 requests the defendant to state the total dollar volume of sales of vibratory equipment by defendant's Carrier Conveyor Division for given years; interrogatory 197 asks the defendant to state for the same number of years the total dollar volume of vibratory equipment sold in competition with vibratory equipment sold by the plaintiff.

Defendant contends that the interrogatories are objectionable in that they are directed solely to the issue of damages which is premature since there must first be a determination of liability. Plaintiff asserts that the information sought goes to the issues of trademark infringement and unfair competition which have been raised by the counterclaim and that plaintiff is entitled to know the portion of defendant's business which defendant believes to be competitive with the plaintiff.

Discovery as to damages is commonly postponed until liability has been resolved. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); 4 Moore's Federal Practice, 2d ed., page 1229. This court is of the opinion that the plaintiff is entitled to know in what respect and to what extent defendant is claiming that plaintiff has competed unfairly with the defendant. The furnishing of that information is not deemed unduly burdensome or oppressive to the defendant. Trabon Engineering Corp. v. Eaton Mfg. Co., 37 F.R.D. 51 (N.D.Ohio, 1964). Interrogatories 196 and 197 must be answered.

In view of the foregoing, it is hereby ordered that defendant's objections to plaintiff's interrogatories nos. 94, 95, 117, 118, 196 and 197 are overruled.