See also D.C., 287 F.Supp. 776; D.C., 291 F.Supp. 117.

**BRUNSWICK CORPORATION,**
**Plaintiff,**

v.

**CHRYSLER CORPORATION and Chrysler Outboard Corporation, Defendants.**

No. 66–C–226.

United States District Court
E. D. Wisconsin.

Aug. 8, 1968.

Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, Milwaukee, Wis., for defendants; Harness, Dickey & Pierce, Detroit, Mich., of counsel.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is a patent infringement suit. The defendants have answered, denying validity of the five patents in suit and alleging noninfringement. The matter is now before the court on defendants' motion for an order under rule 37(a), Federal Rules of Civil Procedure, compelling Brunswick to answer Chrysler's interrogatories nos. 46–65.

The 20 interrogatories can be broken down into 4 groups. Group 1, consisting of interrogatories nos. 46, 50, 54, 58, and 62, seeks identification of records relating to the alleged inventions or to the development of any part thereof. Group 2, consisting of interrogatories nos. 47, 51, 55, 59, and 63, seeks information concerning prototypes and production samples of devices embodying the alleged inventions prior to the issue date of the patents. Group 3, consisting of interrogatories nos. 48, 52, 56, 60 and 64, seeks the date of conception of the alleged inventions covered by the patents upon which the plaintiff intends to rely at the trial. Group 4, consisting of interrogatories nos. 49, 53, 57, 61 and 65, seeks the date of reduction to practice of the alleged inventions covered by the patents upon which the plaintiff intends to rely at the trial.

Each of the challenged interrogatories has been answered in the same manner, with only minor variations in phrasing. For example, interrogatory no. 46 was answered as follows:

"As presently advised and having regard to defendants' failure to set forth any prior art relative to [the patent] in its answer to plaintiff's interrogatory No. 93, plaintiff relies solely upon the filing of its application for the said patent * * * as evidence of the making of the invention thereon on the date of such

filing. All prior evidence is presently considered moot and irrelevant."

The defendants assert that these answers are not responsive. The information sought is alleged to be material to the issues because it would simplify the defendants' proofs at trial with respect to the validity of the patents in suit. As representative of the defenses to which the requested information is relevant, the defendants list questions of abandonment, originality and derivation, whether the patent applications set forth the best mode contemplated by the inventor, and whether any of a number of specified defenses set forth in certain sections of 35 U.S.C. are available to the defendants. In addition, the defendants' answer to the complaint alleges other defenses which should also be considered on the issue of relevancy.

The plaintiff claims (1) that the information requested is not relevant; (2) that the answers it has given are responsive to the interrogatories; and (3) that certain of the requested materials have no probative value because the matters to which they relate are beyond challenge.

While this motion is denominated a motion under rule 37(a) to compel answers to defendants' interrogatories, it is in reality a motion to compel further answers. The two are treated in the same manner, however, under the Federal Rules of Civil Procedure. Riley v. United Air Lines, Inc., 32 F.R.D. 230 (S.D.N.Y.1962).

## I. RELEVANCY

■ The plaintiff claims that the defendants never before seriously attacked the questions of inventorship, abandonment, or omission of the inventor's best mode, and that therefore the information requested in the interrogatories is irrelevant, these defenses not being in issue. Whether this is true or not, however, it is noted that the defendants take the position that these reasons for requiring disclosure are only representative. The interrogatories should be an-swered if the requested information is relevant for any purpose in issue, even if not for the precise purposes stated above.

■ The test for relevancy is very broad. 4 Moore's Federal Practice (2d ed.) § 33.15 at 2325. It is relevancy to the subject matter of the action, and not the narrow test of relevancy to the precise issues framed by the pleadings. Enger-Kress Co. v. Amity Leather Products Co., 18 F.R.D. 347 (E.D.Wis.1955).

■■ Interrogatories regarding the background of a patent are not relevant until the patent's validity has been put in issue. Meese v. Eaton Manufacturing Co., 35 F.R.D. 162 (N.D.Ohio 1964); however, in that case no answer had been filed at the time of the decision on the motion. Chrysler's answer in the case at bar alleges several affirmative defenses that clearly put the validity of the patent in issue. The court is satisfied that the interrogatories are all relevant to matters in issue.

■ The defenses of abandonment, lack of best mode, and inventorship are set out in 35 U.S.C. §§ 102, 103 and 112, which are clearly put in issue by paragraph 21 of the defendants' answers. The defendants cannot be faulted for merely listing the section numbers instead of spelling out the text of the sections. These are all short sections, and the plaintiff would be put to no trouble or confusion by reading them. These matters are clearly in issue.

Groups 3 and 4 of the interrogatories are clearly relevant to the defenses raised in 35 U.S.C. § 102(a) and (b). These defenses are also listed separately as paragraphs 18 and 19 of the defendants' answer. The information requested in groups 1 and 2 of the interrogatories is relevant to the defenses listed in paragraphs 20 and 24 of the answer, which allege, respectively, that the subject matter of the patents would have been obvious at the time of the alleged inventions to a person of ordinary skill in the art, and a lack of invention.

For these reasons, among others, the court finds that all the interrogatories are relevant.

## II. RESPONSIVENESS OF THE PRESENT ANSWERS

The plaintiff also states that its answers to the interrogatories are responsive as they now stand.

Rule 33, Federal Rules of Civil Procedure, requires that "interrogatories shall be answered separately and fully in writing under oath." The answers must be definite and responsive. 4 Moore's Federal Practice (2d ed.) § 33.25[1] at 2394, n. 7.

It is clear that the answers to the interrogatories in groups 1 and 2 are neither responsive nor definite. These questions request an identification of documents and other records of the background of the five patents in suit; this order will direct that they be answered in a definite and responsive manner.

The interrogatories in groups 3 and 4 inquire as to the dates of reduction to practice and conception of the patents on which Brunswick will rely at the trial. A patentee may rely on the actual dates of reduction and conception or on the constructive date, that being the date the patent application is filed. The plaintiff has indicated in its answers to the interrogatories that it will rely on the constructive dates, as is its right; there is no disagreement on this point. However, each answer begins with the words "as presently advised and having regard to defendants' failure to set forth any prior art * * *" The defendants insist that these answers should be unequivocal.

The plaintiff claims that it is entitled to qualify its answers in this manner because defendants' notice of prior art reserves the right to allege further prior art in the future. Brunswick argues that since the defendants make this reservation, it should be permitted to qualify its answers as it has. The court does not find this argument persuasive. The requirement that answers to interrogatories be definite is not obviated or in any way affected by defendants' reservations in its notice of prior art given pursuant to 35 U.S.C. § 282. That section provides that notice of prior art shall be given "in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial." Since the defendants' notice was served far more than the required 30 days before trial, this reservation would appear to be proper. Amendments to these notices are allowed almost as a matter of course. Benz v. J. Laskin & Sons Corporation, 43 F.Supp. 799 (E.D.Wis.1942). See also Liquidometer Corporation v. Capital Airlines, Inc., 24 F.R.D. 319 (D.Del.1959).

Zenith Radio Corporation v. Radio Corporation of America, 16 F.R.D. 356 (D.Del.1954), cited by the plaintiff, does not stand for the proposition that defendants must disclose all prior art prior to the plaintiff's disclosure of the dates on which it will rely at the trial.

The court is of the opinion that the plaintiff is obliged to answer the interrogatories in groups 3 and 4 without the equivocation implicit in its present responses.

## III. PROBATIVE VALUE OF INFORMATION DIRECTED TO BEST MODE AND ABANDONMENT

The plaintiff contends that matter concerning the inventor's best mode and abandonment is of no probative value because these matters are beyond challenge. The court need not decide this issue because all the interrogatories are relevant to matters other than best mode and abandonment. Thus, even if the plaintiff's contentions were correct, that would have no bearing on the outcome of this decision.

## IV. INTERROGATORIES NOS. 52 and 53

There is a further disagreement with respect to interrogatories no. 52 and 53. The defendants have requested the filing date on which the plaintiff will rely for patent no. 2,953,335. There were apparently a series of application dates for

this patent. It appears that the plaintiff has attempted to clarify this matter by specifying the proper date, but confusion still exists. The plaintiff should make further and more explicit response to these two questions.

## V. AWARD OF ATTORNEYS' FEES AND EXPENSES

■ The court finds that the plaintiff's refusal to answer the interrogatories in the proper manner was without substantial justification, and the plaintiff should pay to the defendants the sum of $100.00 to apply on the defendant's expenses incurred in obtaining this order, plus $200.00 attorneys fees.

Therefore, it is ordered that the plaintiff answer interrogatories 46–65 in a responsive and direct manner and pay attorneys fees and expenses as described in the foregoing decision.