Betty Jean BLANKENSHIP, Administratrix of the Estate of Jack Blankenship, Deceased, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 19708.

United States Court of Appeals, Sixth Circuit.

June 26, 1970.

of the Chevrolet truck. The jury returned a verdict for defendant finding in part that plaintiff's decedent was causally negligent in that he did not follow the prescribed procedures for loading the truck onto his carrier.

At the trial, defendant was allowed to introduce a damaging statement signed by decedent explaining his version of the accident. The statement was a portion of an accident report filed by decedent's employer, Anchor Motor Freight Company, in compliance with Interstate Commerce Commission regulations, see, 49 C.F.R. §§ 194.4, 194.5. The report was procured by defendant from Anchor which was required by I.C.C. regulations, 49 C.F.R. §§ 194.3, 194.6, to keep a copy of all accident reports made to the Commission. That portion of the employer's accident report containing decedent's statement was detached from the remainder of the report and introduced as evidence. The remaining part of the report, while not introduced as evidence for the jury's consideration, was identified as an I.C.C. report, marked as one of the defendant's exhibits, and made part of the record.

The decedent's statement contained in the accident report was clearly prejudicial. Included in the report was the admission that he only "hung a chain on (the) left rear" of the truck when the proper procedure was to securely fasten two chains to the rear. Later, in a deposition, decedent maintained that he did follow the proper loading procedure.

Title 49 U.S.C. § 320(f) provides that:

> "No report made by any motor carrier of any accident * * * made pursuant to any requirement of the Commission * * * shall be admitted as evidence * * * in any suit * * * for damages growing out of any matter mentioned in such report."

This statute has yet to be construed by a federal appellate court, although it has received consideration from other courts. See, e.gs. LaChance v. Service Trucking Company, 215 F.Supp. 159 (D.C., 1963);

Hyman Rosen, Cincinnati, Ohio, for plaintiff-appellant; Rosen & Rosen by Joseph E. Rosen, Cincinnati, Ohio, on brief.

Edward J. Utz, Cincinnati, Ohio, for defendant-appellee; James Gustin, Jr., Cincinnati, Ohio, on brief; Ross L. Malone, Gen. Counsel General Motors Corp., Detroit, Mich., of counsel.

Before EDWARDS and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

## BROOKS, Circuit Judge.

This is an appeal from a jury verdict in a wrongful death action. Plaintiff-appellant is the widow of Jack Blankenship, a truck driver, who sustained fatal injuries when a new Chevrolet truck he was loading onto his vehicle carrier rolled forward and pinned him against the carrier. Plaintiff alleged that the cause of the accident was a defective hand brake on the Chevrolet truck which permitted it to roll forward even after the brake was applied. In accordance with this theory of the accident, she sued General Motors alleging negligence and breach of implied warranty of fitness in the manufacturing

Irvine v. Safeway Trails, Inc., 10 F.R.D. 586 (D.C., 1950); Craddock v. Queen City Coach Company, 264 N.C. 380, 141 S.E.2d 798 (1965).

The appellee, General Motors, has for purposes of this appeal adopted the three basic reasons advanced by the District Court for having admitted the disputed statement. First, it is argued that "a written statement of a witness otherwise competent does not become incompetent by reason of the fact that it is attached to and made a part of a report of this type." Reliance is placed on the reasoning in Yanick v. Pennsylvania Railroad Company, 192 F.Supp. 373 (E.D.N.Y. 1961) to support this proposition. We feel that reliance on the Yanick case is not appropriate. *Yanick* involved a railroad accident and certain reports filed with the I.C.C. because of the mishap. There the principal issue was whether certain inconsistent statements made by witnesses before the I.C.C. or to the railroads as part of its investigation of the accident could be admitted as impeaching evidence. The court, in developing the facts in the *Yanick* case, stated:

> "After the accident Penn (Pennsylvania Railroad) made a report of the accident to the ICC pursuant to 45 U.S.C. § 38 which requires a monthly report of accidents by interstate rail carriers. It is agreed that this report may not be used for any purpose at the trial because of the mandate of 45 U.S.C. §

41 which provides: 'Neither the report required by section 38 of this title nor any report of the investigation provided for in section 40 of this title nor any part thereof shall be admitted as evidence or used for any purpose in any suit or action for damages growing out of any matter mentioned in said report or investigation.' "

The controversy in that case was not over the reports themselves. It was conceded that the reports or any part of them would be inadmissible. Rather, the dispute was over statements gathered by the railroad as part of their investigation of the accident and none of the statements were incorporated in the accident report. In the present situation, we are dealing directly with a report made to the Commission.

Next, it is contended that cases [1] construing similar statutes in the areas of income tax returns (Title 26 U.S.C. § 6103(a) (1) and (2)) and patent applications (Title 35 U.S.C. § 122) have held that if a copy of the instrument is kept by the person filing it, it can be reached for discovery or other purposes. Thus, it is argued that the I.C.C. report involved in this case should be able to be reached for discovery and admission as evidence. An examination of the two statutes relied upon in analogizing the statute presently in dispute indicates that they are not parallel in structure [2] to Title 49 U.S.C. § 320(f). Both statutes concern the con-

---

1. Reliance is placed upon Karlsson v. Wolfson, 18 F.R.D. 474 (D.C.1956), construing Title 26 U.S.C. § 6103(a) (1) and (2) and upon Britt Tech Corporation v. L & A Products, Inc., 223 F.Supp. 126 (D.C.1963), construing Title 35 U.S.C. § 122.

2. Title 26 U.S.C. § 6103(a) (1) and (2) provides:

   "(1) Returns made with respect to taxes imposed by chapters 1, 2, 3, and 6 upon which the tax has been determined by the Secretary or his delegate shall constitute public records; but, except as hereinafter provided in this section, they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary or his delegate and approved by the President.

   "(2) All returns made with respect to the taxes imposed by chapters 1, 2, 3, 5, 6, 11, 12, and 32, subchapter B and C of chapter 33, subchapter B of chapter 37, and chapter 41, shall constitute public records and shall be open to public examination and inspection to such extent as shall be authorized in rules and regulations promulgated by the President."
   Title 35 U.S.C. § 122 provides:
   "Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner."

fidentiality of the instruments filed with the government. No mention whatsoever is made in either statute regarding the admissibility of these documents in law suits arising out of anything reported in the documents. Therefore, it is logical that courts could, as they have, construe these statutes not to prohibit the use of the documents in lawsuits. However, we are confronted with a statute which specifically forbids the use of I.C.C. reports as evidence in law suits growing out of anything mentioned in the report. If it were not for this crucial dissimilarity between the statutes the District Court relied upon and the I.C.C. statute in question, the District Court's analogy would be persuasive.

The last reason advanced for allowing the admission of the statement in the I.C.C. report is that the statute (Title 49 U.S.C. § 320(f)) extends a limited privilege against disclosure which is exercisable only by the carrier filing the report and cannot be invoked by others. We cannot agree. There is nothing in the history of Title 49 U.S.C. § 320(f) to indicate that Congress intended the statute to bestow only to a carrier the right to prohibit disclosure of the contents of an accident report, see generally United States Code & Congressional Service, Sept. 17-Sept. 24, 1940, pp. 925–926. Section 320(f) was enacted in 1940 as a small part of a much larger amendment to Title 49 and, therefore, it comes as no surprise that this small section was not singled out for consideration. However, since there is no expression of Congressional intent, we can only look to the face of the statute. Section 320(f) states in a plain and unambiguous fashion that no report of an accident filed by a carrier "shall be admitted as evidence, or used for any other purpose, in any suit * * * for damages growing out of any matter mentioned in such report * * *." Without evidence of a contrary Congressional intent, the statute can only be read as a flat prohibition against the use of these reports or any part of them as evidence.

Remanded for a new trial.