The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Plaintiff,**

v.

**MARINE NATIONAL EXCHANGE BANK, Defendant.**

No. 69–C–545.

United States District Court, E. D. Wisconsin.

April 27, 1971.

See also, D.C., 315 F.Supp. 520.

Quarles, Herriott, Clemons, Teschner & Noelke, by Lester S. Clemons, William A. Stearns and Frank J. Daily, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & Hayes, by Ward Dunphy, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for damages in which it is alleged that the defendant negligently paid out $20,000 on a check drawn by the plaintiff; the check later proved to bear a forged endorsement. The plaintiff has moved, pursuant to Rule 37(a), Federal Rules of Civil Procedure, for an order compelling the defendant to produce certain documents for inspection and copying by the plaintiff.

Four documents or groups of documents form the subject of the plaintiff's motion; however, in its brief, the defendant has agreed to produce two of the requested items, leaving the following for the court's consideration:

"3. Copy of proof of loss dated December 9, 1968, to Continental Insurance Company.

"4. All correspondence, memos, to Continental Insurance Companies and interoffice memos dated 11/24/69, 12/1/69, 12/4/69 and 12/15/69."

The defendant argues that the copy of the proof of loss is "immaterial to the plaintiff's cause of action and * * * does not appear to be reasonably calculated to the discovery of admissible evidence." It appears that the defendant contends that this same argument is applicable to the items in (4), but adds that the correspondence and memos contain "information relating to legal conclusions and legal information supplied by defendant's attorneys in respect to the pending action."

The plaintiff's request to produce the documents in question was made pursuant to Rule 34. The 1970 changes in the rules of discovery resulted in the elimination of the requirement of "good cause" for the production of items under Rule 34, except insofar as such items are trial preparation materials and thus subject to the "substantial need" test of Rule 26(b) (3). See 4 Moore, Federal Practice ¶ 34.09, at 34–87 (1970). The scope of discovery is governed by Rule 26(b) (1), which states, in part:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The documents requested by the plaintiff in the present action were listed by the defendant in its "Exhibit B" in answer to interrogatory number 8 of the plaintiff's first series of interrogatories; interrogatory number 8 stated:

"Identify and describe any documents prepared by defendant, its officers, or its employees related to, or as a consequence of, the transaction whereby on or about September 20, 1968 Oscar J. Plotkin cashed Check No. 9N–976867 drawn by plaintiff on

the Northwestern National Bank, Minneapolis, Minnesota in the amount of $20,000.00."

The fact that the defendant responded by listing the documents now the subject of the present motion illustrates, the plaintiff urges, the relevancy of these items.

In Brunswick Corp. v. Chrysler Corp., 291 F.Supp. 118, 120 (E.D.Wis.1968), this court stated:

"The test for relevancy is very broad. 4 Moore's Federal Practice (2d ed.) § 33.15 at 2325. It is relevancy to the subject matter of the action, and not the narrow test of relevancy to the precise issues framed by the pleadings. Enger-Kress Co. v. Amity Leather Products Co., 18 F.R. D. 347 (E.D.Wis.1955)."

See also Carrier Mfg. Co. v. Rex Chainbelt, Inc., 281 F.Supp. 717, 718 (E.D. Wis.1968).

■ In my opinion, the proof of loss sent to the Continental Insurance Co. is relevant to the subject matter of the plaintiff's action. As the plaintiff argues in its reply brief, it is possible that the proof of loss contains a recitation of facts and names surrounding the cashing of the forged check. Thus, such documents may arguably "lead to the discovery of admissible evidence." See Harrison v. Prather, 404 F.2d 267, 273 (5th Cir. 1968); Olson Transportation Co. v. Socony-Vacuum Oil Co., 7 F.R.D. 134, 136 (E.D.Wis.1944).

The defendant does not seriously argue that the correspondence and memos specified in (4) are not relevant; instead, it contends that these items constitute privileged material. "Exhibit B" indicates that the correspondence and memos were prepared by an officer of the defendant bank, either for transmission to the Continental Insurance Co. or for intra-office use.

As already noted, Rule 26(b) (1) permits inquiry into any relevant matter "not privileged"; however, Rule 26(b) (3), which codifies the "work product doctrine" and restricts the sweep of Rule 26(b) (1), states, in part:

"*Trial Preparation: Materials.* * * * [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party's representative * * * only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." (Emphasis added)

■ I believe that the items in (4) come under the aegis of Rule 26(b) (3). The dates which they bear lead me to believe that they were prepared in anticipation of litigation or trial. Thus, it is not enough for the plaintiff simply to show that the items in (4) are relevant to the subject matter of its action; there must be a demonstration of "substantial need" for production of the documents in question. In my opinion, the plaintiff has not made the required showing, and its motion for the production of the materials in (4) will be denied.

In view of the disposition of the plaintiff's motion, expenses, as authorized by Rule 37(a) (4), will not be awarded to either party.

Therefore, It Is Ordered that the plaintiff's motion to produce be and hereby is granted with regard to the copy of the proof of loss specified in (3); with regard to the correspondence and memos in (4), it is ordered that the plaintiff's motion be and hereby is denied.